### PEARLSTINE v. PEARLSTINE.

FISH, C. J. In the trial of an action for divorce brought by a wife, the court instructed the jury as follows: "If you find there has been a voluntary separation and living apart between these two people, then the domicile of this plaintiff is not necessarily that of her husband. It is contended that the plaintiff, at one time, was a resident of the State of New York, and that she has changed her domicile." The error assigned upon this instruction, in the motion for a new trial by the husband, was that it was not supported by the evidence, and not adjusted to the facts of the case: (*a*) because the evidence failed to show that there had ever been a voluntary separation and living apart between the plaintiff and the defendant; (*b*) because the uncontradicted evidence showed that the plaintiff had left the defendant in the State of New York; (*c*) because the evidence failed to disclose that the defendant ever voluntarily left the plaintiff; and (*d*) "because the evidence disclosed that after the plaintiff had left the home in New York, in which she had been living after the occasion of the alleged cruel treatment, she then maintained an action begun in New York State for separation, and this action was still pending at the time she alleges she came to Georgia and there made up her intention to become a resident of this State." Our statute provides: "The domicile of a married woman shall be that of her husband, except in two cases: 1. Of voluntary separation and living apart. 2. Of a pending application for divorce. In which case her domicile shall be determined as if she were a feme sole." Civil Code, § 2183. The words "voluntary separation and living apart," as employed in the statute, do not necessarily mean a mutual agreement for a separation; for where the husband has been guilty of such dereliction of duty in the marital relation as entitles the wife to have it either partially or totally dissolved, she may acquire a separate domicile of her own for the purpose of conferring jurisdiction on the proper tribunal in a proceeding for divorce or separation. 14 Cyc. 848, and a number of cases there cited, among them Cheever v. Wilson, 76 U. S. 108 (6) (19 L. ed. 604). To the same effect is Williamson v. Osenton, 232 U. S. 619 (34 Sup. Ct. 442, 58 L. ed. 758) ; and see 6 Rose's Notes U. S. R. (Rev. ed.) 943, where there is a collation of numerous cases on the same line as those above cited.

None of the assignments of error upon the instruction excepted to is meritorious. The evidence on the controlling issues in the case was conflicting. The jury in their discretion believed the evidence submitted in behalf of the plaintiff, and it can not be held that the court erred in refusing a new trial.

*Judgment affirmed. All the Justices concur, Atkinson, J., specially.*

No. 893. FEBRUARY 13, 1919.

Libel for divorce. Before Judge Meldrim. Chatham superior court. February 28, 1918.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Morris H. Bernstein,* contra.