20 N.J. Super. 114 (1952)
89 A.2d 279
VINCENZO BUSCEMA, PLAINTIFF,
v.
CONCETTA BUSCEMA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 2, 1952.
Mr. Patrick A. Kiley, attorney for plaintiff.
McLEAN, J.S.C.
Plaintiff brings this action for divorce on the ground of adultery for an offense committed in Italy where his wife resides. The cause is ex parte. The meritorious question concerns the right of the plaintiff to bring his action as a bona fide resident of the State under R.S. 2:50-11, now N.J.S. 2A:34-10.
"* * * in the granting of divorces, the State, as well as the parties, is interested, and that the public is represented by what is *115 called `the conscience of the court,' and a judicial investigation of all such cases, particularly when they are ex parte, should be pursued with the utmost vigilance for the purpose of determining the bona fides of the application." Griffiths v. Griffiths, 69 N.J. Eq. 689, 691 (Ch. 1905).
The Divorce Act provides that jurisdiction in actions for divorce may be acquired "when, at the time the cause of action arose, either party was a bona fide resident of this state."
Plaintiff was a seaman on an Italian merchantman. While his ship was in an American port he suffered an accident and was removed to a hospital, where he was housed when his ship sailed, and he has since remained in this country. His entry was contrary to the United States immigration laws, 8 U.S.C.A. 166, and he is subject to deportation. His obligation was to leave the United States as soon as he was able to do so, and return to his native land voluntarily and that obligation continues. Instead, he has resisted the charge of violation of the immigration laws pending formal action by the Government. He has been apprehended by the immigration authorities and remains here under restraint, having been released on his own recognizance to hold himself in readiness for such disposition of his case as may be determined by the United States Government. His residence here is fraudulent; it is in violation of the immigration laws and the laws permitting nationals of other countries to remain here. His status is incompatible with a bona fide residence in New Jersey; hence, this court is without jurisdiction to grant him the relief he seeks under the divorce act.
The petition will be dismissed.