Submitted on briefs November 9, reversed with directions
November 23, 1955

# SMITH *v.* SMITH
289 P. 2d 1086

O. G. *Larson,* of Portland, for appellant.

No appearance for respondent.

TOOZE, J.

This is a suit for divorce, commenced by Mary Viola Smith, as plaintiff, against Raymond L. Smith, as defendant. Defendant appeared specially by motion to quash service of summons upon him. His motion was supported by affidavit; plaintiff filed a counter-affidavit. The trial court sustained the motion to quash the service and dismissed the suit. Plaintiff appeals.

On August 31, 1954, plaintiff filed in the circuit court of the state of Oregon for Multnomah county, her complaint for divorce against defendant, charging defendant with specific acts of cruel and inhuman treatment rendering her life burdensome. The complaint states a good cause of suit. Summons was forthwith issued out of said court and personally served upon defendant in Grant county, Oregon, on Septem-

ber 3, 1954, by the sheriff of Grant county, Oregon, all in manner and form as provided by law.

On September 14, 1954, defendant filed in said court and cause the following motion (omitting formal parts):

"Comes now the defendant and appearing especially for the purpose of this motion only, moves to quash the return of service of summons and complaint showing that said process was served on the defendant within Grant County, Oregon, on the 3rd day of September, 1954, on the ground and for the reason that both plaintiff and defendant have since December of 1950, been continuously residents and inhabitants of Grant County, Oregon, and that both parties to this suit are at the present time bonafide residents of Grant County, Oregon, and that neither of the parties is at the present time or has at any time in the past been a resident of Multnomah County, Oregon. The affidavit of defendant is attached hereto marked Exhibit A and made a part of this motion. And on the further ground that said process was not served upon the defendant."

This motion was supported by an affidavit of defendant which, omitting formal parts, reads as follows:

"I, Raymond L. Smith, being first duly sworn on oath depose and say: That I am the defendant in the above captioned suit. That my wife and I moved to Grant County, Oregon, in December of 1950, and that she and I have lived together in said county at Mt. Vernon and Izee, constantly until the 25th day of August when she disappeared from our home at Izee, Grant County, Oregon. That plaintiff still retains her residence, post office address and home at Izee and I therefore allege that Mary Viola Smith is and at all times material to this case has been a resident of Grant County, Oregon, and that she is not now and has not at

any time in the past been a resident or inhabitant of Multnomah County, Oregon.''

On September 15, 1954, plaintiff filed her own affidavit in said court and cause in opposition to said motion to quash, alleging among other things the following:

"That I do admit that my husband and I did reside in Grant County, Oregon, from December, 1950, until on or about the 25th day of September [August], 1954; but I do deny each and every allegation contained in the defendant's affidavit wherein and whereby he states that I still retain my residence in said Grant County, Oregon and wherein he states that I am not now a resident of Multnomah County, Oregon.

"I further depose and say that during the time I lived with the defendant in Grant County, Oregon, he did mistreat me in the extreme as set forth in my complaint on file herein and which I now make a part of this affidavit by reference thereto as though herein set forth in its entirety and I also re-iterate each and all of the allegations of my said complaint and say that same are true; that because of the acts of cruelty and mistreatment heaped upon me by the defendant, as set forth in my said complaint, I did, on or about the 25th day of August, 1954, decide to leave the defendant and to leave said Grant County, Oregon, and to take up my residence in the county of Multnomah, Oregon. That on or about the 26th day of August, 1954, I gathered up all of my personal belongings, such as wearing apparel, toaster, electric mixer and some canned goods, etc., and my children's clothing and all my bedding and all of the bedding for my children, and piled such things into our car, and then I took my children into the car and we traveled in same to the city of Portland, in the county of Multnomah and state of Oregon, where we arrived on or about the morning of the 27th day of August, 1954. We went to the home of my Aunt, Mrs. Hattie Ander-

son, at No. 5020 S. E. Rural Street, in said city of Portland, Oregon, where we have been promised and assured that we may remain until we can find a home for ourselves.

"It is my intention to remain in Multnomah County, Oregon, and to make same my permanent home and residence. Since arriving in said city I have not even entertained the thought of moving therefrom, * * *. * * * Under no circumstances will I go back to him or Grant County, Oregon.

"I further depose and say that on the date of filing my complaint in the within entitled divorce suit, I was living in, and a permanent resident of, the city of Portland, in Multnomah county, Oregon; that since said date I have continued to live in said county and am now a resident thereof, with no intention to move therefrom."

On September 27, 1954, there was entered in said court and cause the following order (omitting formal parts):

"Now on this day this matter coming on to be heard on defendant's motion to quash the service of summons and the plaintiff appearing in person and by her attorney, O. G. Larson, and the defendant appearing in person and by Lytle, Kilpatrick and Schroeder, his attorneys, and the Court having heard evidence and having examined the files and being fully advised;

"IT IS ORDERED That said motion be and the same hereby is granted and this suit dismissed."

It is from the foregoing order that plaintiff appeals, contending that it was error for the trial court to sustain the motion to quash service of summons and dismiss the suit, because plaintiff was a resident of Multnomah county when she filed her complaint.

ORS 14.070 provides:

"Any suit for the dissolution of the marriage contract shall be commenced and tried in a county

in this state in which one of the parties to the suit resides.''

■ That means that the suit shall be commenced and tried in the county where one of the parties at least has his or her domicile. Ordinarily, the domicile of the husband fixes that of the wife. However, when just cause exists, a wife may acquire a domicile separate from that of her husband for the purposes of jurisdiction over the subject matter of a suit by her for divorce. 17 Am Jur 281, Divorce and Separation, § 254; 17 Am Jur 619, Domicil, § 46.

In *Miller v. Miller,* 67 Or 359, 365, 136 P 15, we quoted with approval the following statement taken from the case of *Duxstad v. Duxstad,* 17 Wyo 411, 100 P 112, 129 Am St Rep 1138:

> ''We think the rule is that the wife's residence is that of her husband, save in exceptional cases, when she can, on account of necessity, establish and claim a separate residence. One of such exceptions is when he has given her cause for divorce. In that case it has been generally held that she may acquire a separate residence in another jurisdiction which will entitle her to maintain an action for divorce in that jurisdiction. This she may do; but her husband cannot by his wrongful acts and by mistreating her compel her to do so; * * she may still claim his residence as hers, at least, until she has established a residence elsewhere.''

■ It is universally held that in order to acquire a domicile by choice these two essentials must concur and combine: (1) residence (bodily presence) in the new locality, and (2) an intention there to remain, to the exclusion of a domicile elsewhere. *Zimmerman v. Zimmerman,* 175 Or 585, 155 P2d 293; 17 Am Jur 599, Domicil, § 16.

In 17 Am Jur 603, Domicil, § 19, it is stated:

"The first requisite of domicil is a habitation, place of abode, or dwelling place. To acquire a domicil of choice in a place, a person must be physically present there, and the residence at the place chosen must be actual. * * * A home in a particular building is not, however, necessary. Nor is the mode of living material; that is, whether the living is at one's own house, in rented quarters, at lodgings, or in the house of a friend."

■ The facts alleged in plaintiff's complaint which, by reference are incorporated into and made a part of her affidavit in opposition to the motion to quash service of summons show a course of misconduct toward her on the part of defendant fully justifying her leaving the home of defendant and establishing a place of residence wholly apart from him. In his affidavit defendant makes no attempt to deny the charges of misconduct made against him, nor does he allege anything affirmatively that in any way questions the truth of them.

Defendant by his affidavit admits that plaintiff left his home at Izee, in Grant county, Oregon, on August 25 (1954), and he does not allege that she has ever returned to that home, or to any other place in Grant county. His statement that plaintiff still retains her residence at Izee and is not a resident or inhabitant of Multnomah county is a mere conclusion on his part.

By her counteraffidavit plaintiff definitely alleges her physical presence in Multnomah county and her intention to make that county her permanent home, to the exclusion of a residence elsewhere. She swears positively that she has no intention of ever returning to Grant county; in fact, she alleges that "under no

circumstances will I go back to him [the defendant] or Grant county, Oregon."

There is nothing whatever in the record that disputes the claims made by plaintiff as to her actions and intentions. At the hearing on the motion to quash service held September 15, 1954, with both plaintiff and defendant present in person, no additional sworn testimony of any kind was offered by either party. The only evidence offered (and that by defendant) consisted of a court file in a prior divorce suit between the parties (commenced by the husband) in the circuit court for Grant county, which was terminated by the reconciliation of plaintiff and defendant. That proceeding occurred in 1952. It is obvious that the record in that suit could not have anything whatever to do with the question before the court. Moreover, the file was withdrawn as an exhibit. The only evidence before us upon the question of domicile is that contained in the affidavits of the parties. From those affidavits, it is manifest that on August 27, 1954, plaintiff acquired a separate domicile in Multnomah county. Her suit for divorce was not filed until August 31, 1954, and on that day she was a resident of Multnomah county.

■ The statute above quoted does not require that one shall reside in a particular county for any definite length of time before instituting a suit for divorce, as the statute does with respect to the time of residence within the state. ORS 106.060.

In *Hubner v. Hubner*, 67 Or 557, 562, 136 P 667, we quoted with approval the following from 14 Cyc., p 592:

"The residence which will determine the venue must be actual residence in the county where the

suit is brought. *The residence need not, however, have continued for any particular length of time, in the absence of a statute to the contrary.''* (Italics ours.)

The trial court erred in sustaining the motion to quash the service of summons and in dismissing the suit. It had jurisdiction of the subject matter and the parties. The decree is reversed and this cause remanded with directions to vacate the order appealed from, to reinstate the cause of suit, and for such further proceedings as may be proper, not inconsistent with this opinion.

Plaintiff shall recover costs.