## CHARLES M. AND GERALDINE V. CRESS *v.* DEPARTMENT OF REVENUE

Plaintiff Geraldine V. Cress appeared *in propria persona.*

Ira W. Jones, Assistant Attorney General, Department of Revenue, Salem, Oregon, represented defendant.

Decision for plaintiffs rendered March 31, 1970.

EDWARD H. HOWELL, Judge.

The only issue presented in this case is whether plaintiff Charles M. Cress established a domicile in Oregon and was subject to Oregon income taxes for the years 1964 through 1967.

The plaintiffs were married in Reno, Nevada, in 1947. Prior to the marriage Mrs. Cress lived in Cali-

fornia. Mr. Cress was born in Idaho, entered the Army in 1938, was discharged after the war and re-enlisted. He was stationed in California at the time of their marriage. After the marriage the plaintiffs lived at Fort Bliss, Texas, for a time and later Mr. Cress was assigned to various army bases.

In 1954 Mr. Cress was assigned to bases near Seattle, Renton and Pasco, Washington, and they purchased a home in Pasco in 1954. Mr. Cress retired from the Army in the State of Washington in August, 1960.

After his retirement Mr. Cress secured a job with an electronics firm and after attending an electronics school on the east coast he was sent to Spokane, Washington, where the plaintiffs resided from September, 1960, to May, 1962. The plaintiffs first rented and then purchased a home in Spokane.

In September, 1962, Mr. Cress was transferred to New Mexico where plaintiffs lived in a rented home until early 1963, when Mr. Cress secured a job with Radio Corporation of America. He was again sent to school in the east and after a short period in New York City he was made an electronics engineer on a ship which was assigned to duty first in the South Atlantic and later in the South Pacific.

Mr. Cress was at sea most of the time until June, 1967, when he resigned his position with RCA.

After her husband went to sea in 1963, Mrs. Cress remained in New Mexico until the end of the school year. She then started for Spokane, where they still owned their home. Enroute she decided to visit her husband's relatives in southern Oregon.

Because Mr. Cress was to be at sea for an extended period they had discussed the advisability of Mrs.

Cress attempting to find a place to live in Oregon so that she would be near relatives. The Cress family at this time consisted of seven children, and it was extremely difficult to find a place for such a large family to rent. However, she was able to find a rental in Camas Valley in southern Oregon.

Mr. Cress came to Oregon in the summer of 1964 and spent one week with his family. As the rental was no longer available they found a large house which they decided to purchase in Camas Valley. Mr. Cress did not return to Oregon until 1966 when he spent Christmas with his family.

The plaintiffs sold their former homes in Pasco and Spokane in 1966.

In June, 1967, Mr. Cress resigned his job with RCA. For three months he attempted unsuccessfully to find employment in Oregon. He was unable to secure Oregon unemployment insurance and the parties ran out of funds. Mr. Cress returned to California and secured a job with General Dynamics in San Diego in August, 1967. He visited his family in Camas Valley at Christmas in 1967.

In September, 1968, Mrs. Cress and the children left the home in Camas Valley and rented a house in Eugene. The Camas Valley house was sold in May, 1969. In September, 1969, the plaintiffs moved to Ventura, California, where they live at the present time.

■ In order to acquire a domicile two essentials must exist: (1) a fixed habitation or abode in a particular place; and (2) an intention to remain there permanently and indefinitely. *Smith v. Smith*, 205 Or 650, 289 P2d 1086 (1955); *In re Noyes Estate*, 182 Or 1, 185 P2d 555 (1947).

■ Generally, the domicile of the husband fixes that of the wife. *Smith v. Smith, supra.*

Since 1947 when the plaintiffs were married, Mr. Cress has lived in California, Texas, New Mexico, New York and three places in the State of Washington, in addition to being at sea most of the time between 1963 and 1967.

During the marriage the parties have purchased two houses in Washington and one in Oregon. Between the time the plaintiffs purchased the house in Camas Valley in 1964 and the time they sold it in August, 1969, Mr. Cress spent one week with his family in Oregon in 1964, Christmas week in 1966 and 1967, and three months in 1967 when he was attempting to find employment.

When he was in Oregon in 1967 Mr. Cress secured an Oregon driver's license and Mrs. Cress owned two cars which she had licensed in Oregon. Mr. Cress did not register to vote in Oregon and apparently did not vote anywhere.

Mrs. Cress opened bank accounts in the various places where the parties lived during her husband's military service and while he was a civilian electronics engineer. She had a power of attorney from her husband, deposited his pay check in the various banks and paid the family expenses. When she lived in Camas Valley Mrs. Cress had an account in a bank in Roseburg.

When Mr. Cress was in Camas Valley in 1967 and unemployed he did not draw unemployment benefits from Oregon. However, he received one unemployment check from Florida and two from California.

Mr. and Mrs. Cress filed joint Oregon income tax returns for 1965 through 1968 and reported Mr. Cress's

army retirement pay but did not include his income from RCA. Mrs. Cress testified that they believed the army retirement pay was taxable by Oregon because of information to this effect received from the Internal Revenue Service or the United States Army.

■ Mr. and Mrs. Cress did not have a fixed habitation or abode in Oregon and did not intend to remain here permanently and indefinitely. Mrs. Cress testified that it was impossible to plan a permanent home in Oregon because of the nature of her husband's employment. While they owned a home in Oregon from 1964 to 1967, they also owned a house in Spokane and one in Pasco, Washington, during most of the same period. Mr. Cress was never employed in Oregon and with the exception of the three months in 1967 when he was looking for employment, he did not spend over three weeks in Oregon in the three years between 1964 and 1967.

It is this court's conclusion that as Mr. Cress did not have a fixed habitation or place of abode in Oregon and did not intend to remain here permanently and indefinitely Mr. Cress was not domiciled in Oregon and therefore not subject to Oregon income taxes for the years 1964 through 1967.

The order of the Department of Revenue is set aside.