27090. ABOU-ISSA v. ABOU-ISSA.

JORDAN, Justice. The defendant, Hussein Mohammed Abou-Issa, appeals a judgment of divorce in Clarke Superior Court, asserting that the court lacked jurisdiction because the plaintiff, Fatma Sultan Abou-Issa, was not a bona fide resident of this State for six months preceding the filing of her application for divorce. *Held:*

It is settled law that an applicant for divorce must show

a domicile in this State for six months preceding the filing of the action in order to meet the "bona fide resident" requirement of *Code* § 30-107, as amended; that domicile refers to a single fixed place of abode with the intention of remaining there indefinitely, or the single fixed place of abode where a person intends to return, even though the person may in fact be residing elsewhere; and that the question of domicile is ordinarily a mixed question of law and fact for jury determination. *Williams v. Williams,* 226 Ga. 734 (177 SE2d 481); *Williams v. Williams,* 191 Ga. 437 (12 SE2d 352).

"The domicile of a married woman shall be that of her husband, except in two cases: 1. Of voluntary separation and living apart. 2. Of a pending application for divorce. In either case her domicile shall be determined as if she were a femme sole." *Code* § 79-403.

"The words 'voluntary separation and living apart,' as employed in the statute, do not necessarily mean a mutual agreement for a separation; for where the husband has been guilty of such dereliction of duty in the marital relation as entitles the wife to have it either partially or totally dissolved, she may acquire a separate domicile of her own for the purpose of conferring jurisdiction on the proper tribunal in a proceeding for divorce or separation." *Pearlstine v. Pearlstine,* 148 Ga. 756 (98 SE 264). Compare *Bufford v. Bufford,* 223 Ga. 133 (153 SE2d 718).

The parties are Egyptian nationals who married in Egypt, and the defendant testified that he intends to return to Egypt. Even if it be conceded that the domicile of the plaintiff was that of her husband when they left Egypt we think that the subsequent events which transpired in the United States would authorize a jury to determine that the plaintiff had acquired a separate domicile in Clarke County six months preceding her application for divorce. According to her testimony she intended to remain in the United States when she left Egypt in 1970 as a wife accompanying her husband en route to the

University of Georgia in Clarke County for a temporary stay, originally for two months, and later extended. They arrived in Clarke County in April, 1970, resided in a motel for about two weeks, and then moved to a one-bedroom apartment. According to the plaintiff she slept in the bedroom with their young son, and the defendant slept in the living room. Around September 1970, and in this respect the evidence is unclear, they moved to a two-bedroom apartment, the move being conditioned on her agreement to pay the difference in rent for the larger apartment. For some two or three months they shared the same bedroom, but after an argument she slept with their young son in one bedroom, with the door closed and locked. The plaintiff testified that the parties ceased to have marital relations when the defendant learned that she was pregnant with their only child, born in 1962. The defendant testified that he had sexual intercourse with the plaintiff as late as November, 1970. In May, 1971, she moved from the apartment, for the reason, in her words, "I was thrown out of the house. He said, 'You have to go. I am not going to let you live here. You cannot stay in the house.'" She filed her application for divorce on May 21, 1971.

Under the circumstances disclosed by the evidence in this case, the jury was authorized to determine that the plaintiff was separated and living apart from her husband, although under the same roof, six months before she filed her application for divorce, at which time and continuously thereafter she had an intent to remain in Clarke County indefinitely.

In our opinion the further contention that the plaintiff lacked the legal capacity to establish a domicile in the United States because she was here on a temporary visa is without merit. The defendant concedes in his brief that this contention is contrary to the prevailing view in other jurisdictions. See 27A CJS 275, Divorce, § 76.

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 13, 1972—DECIDED APRIL 20, 1972.

Divorce. Clarke Superior Court. Before Judge Barrow.
*Milner S. Ball,* for appellant.
*Guy B. Scott, Jr.,* for appellee.