Argued and submitted December 8, 1980,
reversed and remanded April 6, 1981

In the Matter of the Marriage of

PIROUZKAR,
*Appellant,*
*and*
PIROUZKAR,
*Respondent.*

(No. 15-80-02289, CA 17984)

626 P2d 380

J. P. Graff, Eugene, argued the cause for appellant. With him on the brief was Larry O. Gildea, P. C., Eugene.

Timothy J. Sercombe, Eugene, argued the cause for respondent. With him on the brief were Johnson, Harrang, Swanson & Long, and Stanton F. Long, Eugene.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

ROBERTS, J.

### ROBERTS, J.

Wife appeals from the dismissal for lack of subject matter jurisdiction of her petition for dissolution. The trial court determined that, under ORS 107.075, one of the parties to a dissolution proceeding must be domiciled in this state, and that plaintiff is unable to establish that she is a domiciliary because of her nonimmigrant alien status. We agree that the statute requires that one party be domiciled in this state, but find that wife has shown that she is an Oregon domiciliary for purposes of the jurisdiction of the circuit court in this dissolution proceeding. We reverse.

The parties were married in Iran in 1958. They have three children, two of whom were minors when this proceeding was brought. They came to this country in late 1976 or early 1977, after retiring from service in the Shah's government in Iran. They came on nonimmigrant visitors' ("B-2") visas. Shortly after their arrival they applied to the Immigration and Naturalization Service for adjustment of status to that of permanent residents. It is uncertain from the record whether the applications for change of status were denied or whether they have yet to be acted upon by the immigration authorities.

The parties moved with their minor children to Eugene in June, 1977. They bought a house there and intended, according to wife's affidavit, that it be their home. Wife has resided in Eugene since that time. The children attended school there and wife attended school and is now working there. The parties separated in February, 1979. Wife paid 1979 income tax in this state. She filed a petition for dissolution in March, 1980.

The first issue presented is what is required by ORS 107.075(2), which provides:

"When the marriage was not solemnized in this state * * * at least one party must be *a resident of or be domiciled in* this state at the time the suit is commenced and continuously for a period of six months prior thereto."

The current statute was enacted in 1971, Oregon Laws 1971, ch 280, § 5, but the language requiring that one party be a "resident of or be domiciled in" the state was first

enacted by Oregon Laws 1965, ch 603, § 3. Prior to that time the requirement was that the plaintiff be "an inhabitant of the state at the time the suit is commenced" and for one year prior thereto. Former ORS 107.060.

The earlier language was interpreted in *Zimmerman v. Zimmerman,* 175 Or 585, 155 P2d 293 (1945), which held that the terms "resident" and "inhabitant" were used interchangeably, and that both meant that the plaintiff must be domiciled in this state. This conclusion was based on the belief that domicile was a requirement, apparently a constitutional requirement, for the court's exercise of jurisdiction. Likewise, in *Fox et ux v. Lasley,* 212 Or 80, 318 P2d 933 (1957), involving a guardianship proceeding, the court stated:

> "When jurisdiction is dependent upon domicile our statutes have generally used the words 'resident' or 'inhabitant' and it has been uniformly held that these words, when used in such statutes, are synonymous with 'domicile.'"
> 212 Or at 88. *See also Elwert v. Elwert,* 196 Or 265, 248 P2d 847 (1952); *Rodda v. Rodda,* 185 Or 140, 200 P2d 616, 202 P2d 638 (1949); *Kelley v. Kelley,* 183 Or 169, 191 P2d 656 (1948); H. Goodrich, Conflict of Laws § 20, 35 (4th ed 1964).

The United States Supreme Court has also stated, in *Williams v. North Carolina,* 325 US 226, 65 S Ct 1092, 89 L Ed 1577 (1945), that "[u]nder our system of law, judicial power to grant a divorce - jurisdiction, strictly speaking - is founded on domicile." 325 US at 229.

Although, as wife points out, the constitutional requirement of domicile as a basis for subject matter jurisdiction in divorce cases may not be as certain as it was once thought to be, *see Restatement (Second) of Conflict of Laws* § 72 and comment b; H. Goodrich, Conflict of Laws § 127, 258 (1964),[1] the question before us is the intent of the

---

[1] The Restatement §72 provides:

"A state has power to exercise judicial jurisdiction to dissolve the marriage of spouses, neither of whom is domiciled in the state, if either spouse has such a relationship to the state as would make it reasonable for the state to dissolve the marriage."

Comment b to that section indicates that "[r]residence, as distinguished from domicile, by one of the spouses in the state for a substantial period, such as a year, is an adequate jurisdictional basis for the rendition of a divorce."

legislature in 1965 when it amended the jurisdiction statute. Given the uniform holdings by courts of this state that the term "resident of" as used in a jurisdiction statute means "domiciled in," it appears that "resident of" is not an independent basis for jurisdiction under ORS 107.075.

■ Establishment of a domicile requires an intent to remain in that place.

"It is universally held that in order to acquire a domicile by choice these two essentials must concur and combine: (1) residence (bodily presence) in the new locality, and (2) an intention there to remain, to the exclusion of a domicile elsewhere." *Smith v. Smith,* 205 Or 650, 655, 289 P2d 1086 (1955); *see In re Noyes' Estate,* 182 Or 1, 185 P2d 555 (1947); *Zimmerman v. Zimmerman, supra.*

In addition, in order to establish a domicile of choice one must be legally capable of changing domicile. *Zimmerman v. Zimmerman, supra; Restatement (Second) of Conflict of Laws* §15 (1971). Husband does not dispute wife's subjective intent to establish a domicile in Oregon, but contends that she is not capable of doing so because of her status under the immigration laws. The parties entered this country under the provisions of 8 USC §1101(a)(15), which provides that "immigrant" means every alien except certain nonimmigrant aliens, including:

"(B) an alien * * * having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure."

Residence is defined by the statute to mean:

"* * * the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact without regard to intent." 8 USC §1101 (a)(33).

Wife entered this country under the provisions of 8 USC §1101(a) (15)(B), but her visitor's visa has expired. As we have noted, she has applied for an adjustment of status to that of permanent resident but the disposition of that application is unclear.

Husband's argument seems to present two questions: (1) does federal law create a disability which, by virtue of the Supremacy Clause, prevents the states from recognizing wife's actual intent to establish a domicile in

this state; and (2) under state law, does wife's apparently precarious status under the immigration laws preclude the formation of the intent required to establish domicile in this state?

No authority has been cited to us, and we have found none, which supports the proposition that federal immigration law prevents the states from allowing aliens in a position such as that of wife in this case to establish a domicile of choice in this country. In *Seren v. Douglas,* 30 Colo App 110, 489 P2d 601 (1971), the Colorado Court of Appeals held that federal law did create a disability which would render a nonimmigrant alien incapable of establishing a domicile in this country as long as the alien was here under the provisions of a visa issued with the requirement that the alien maintain a residence abroad which he or she had no intention of abandoning. The court went on to hold, however, that if the alien remained in this country after that visa expired there was no longer a requirement that a foreign residence be maintained. At that time, the court held, the nonimmigrant alien was capable of forming the intent required to establish a domicile of choice here in this country. In *Williams v. Williams,* 328 F Supp 1380 (D VI 1971), it was held that there was no such disability created by federal immigration law even during the period of a visa requiring that a foreign residence be maintained. The court found there was

> "* * * no reason to erect from the immigration laws an insuperable barrier of 'constructive' intent in divorce litigation that cannot be overcome even by proof of a person's actual intent. The enforcement of immigration laws properly remains with those to whom it is entrusted by law and does not need in aid of enforcement the judicially created civil disability of exclusion from our divorce courts. There is no rational ground for intermingling these two distinct areas of law - immigration and divorce." 328 F Supp at 1383.

In addition, the definition of "residence" contained in 8 USC §1101(a)(33), *supra,* suggests that the statute is not directed at domicile as that concept is used as a prerequisite for jurisdiction. No matter what wife's intent in the matter may be, it is clear that after four years in this country, her apartment in Iran is no longer her "principal,

actual dwelling place in fact." Whatever the consequences of that may be for purposes of immigration law, it is not pertinent as to the issue of domicile for the purposes of jurisdiction.[2]

■      We conclude that federal immigration law does not prevent the states from allowing a nonimmigrant alien such as wife to establish a domicile of choice for purposes of jurisdiction.[3]

■ ■      We now turn to the question of whether, as a matter of state law, wife's immigration status precludes the formation of the intent required to establish a domicile in this state. We conclude that it does not. The purpose of the requirement of domicile as a basis for jurisdiction in proceedings for dissolution of a marriage is to ensure that there will be the requisite connection between the marriage of the parties and the state. See Ehrenzweig, A Treatise on the Conflict of Laws § 72, 241-42 (1962); Kropp, Divorce - Conflicts of Laws, 2 Willamette LJ 121, 121-122 (1962). It appears from the record that the parties moved to this state nearly four years ago with the intention that this be their home. Wife has continued to act in accordance with that intention since that time. The intention required for the establishment of a domicile of choice is the intent to remain in that place indefinitely. In the words of the Restatement:

> "To acquire a domicil of choice in a place, a person must intend to make that place his home for the time at least." *Restatement (Second) of Conflict of Laws,* §18 (1971).

---

[2] In *Elkins v. Moreno,* 435 US 647, 98 S Ct 1338, 55 L Ed 2d 614 (1978), the Supreme Court held that federal law did not prevent the establishment of a domicile in this country by nonimmigrant aliens present pursuant to visas which do not require the maintenance of a foreign residence. It specifically did not decide the issue as to those nonimmigrant aliens whose visas require that a foreign residence be maintained.

[3] The cases cited by husband which have found that domicile may not be established by an alien who is present here in contravention of the immigration laws have not based that conclusion on a determination that federal law prohibits recognition of an intent to establish a domicile of choice. *See Hurst v. Nagle,* 30 F2d 346 (9th Cir 1929) (one who entered country unlawfully not domiciled here for purpose of immigration law); *In re Chow's Petition,* 146 F Supp 487 (SDNY 1956) (one admitted temporarily as alien seaman has not been "lawfully admitted" for purposes of naturalization); *Juarrero v. McNayr,* 157 So2d 79 (Fla 1953) (state requirement for homestead exemption that residence be "permanent home" not met); *Buscema v. Buscema,* 20 NJ Super 114, 89 A2d 279 (1952) (alien who entered unlawfully not "bona fide resident" under state law).

■    A rule such as husband suggests would require the application of a type of legal fiction for which we see no necessity.[4] Wife lived in this state for nearly four years. Her visa has apparently been expired for most of that time. She has applied for a change of status so that she may remain in this country permanently. Whatever the disposition of that application, it appears from the record that she presently intends to remain in this state indefinitely. Although it may be true, as husband contends, that wife may be deported by the immigration authorities at any time, that has apparently been her status for most of the time she has been in this state. The enforcement of the immigration laws is the function of the federal government. We have no way of knowing when, if ever, wife may be required to leave this country. In the meantime, we see no reason to deny her access to the courts of this state for the purposes of dissolution of the marriage of the parties.

The motion to dismiss was erroneously granted.

Reversed and remanded. No costs to either party.

---

[4] The Attorney General reached the same conclusion in an opinion published in 1946, 23 Op Att'y Gen 79 (Or 1946).