S06A1965. PADRON v. PADRON.
(641 SE2d 542)

BENHAM, Justice.

We granted Ernesto Padron's application for discretionary review to consider the trial court's dismissal of his complaint for divorce due to a perceived jurisdictional infirmity. After reviewing the record, we conclude the trial court erred. Therefore, we reverse.

Appellant filed a verified complaint for divorce in which he asserted he was a resident of Georgia and had been for more than six months prior to the filing of the complaint. OCGA § 19-5-2 prohibits a court from granting a divorce "to any person who has not been a bona fide resident of this state for six months before the filing of the petition for divorce. . . ." After the parties' settlement agreement was presented to the trial court, the court sua sponte ruled it lacked jurisdiction of the case because appellant was not a "resident," as required by OCGA § 19-5-2.

The trial court's dismissal of the complaint for divorce was error. "As used in OCGA § 19-5-2, 'resident' means 'domicilary.' [Cit.]" *Conrad v. Conrad,* 278 Ga. 107, 108 (597 SE2d 369) (2004). See *Williams v. North Carolina,* 325 U. S. 226, 229 (65 SC 1092, 89 LE 1577) (1945) ("Under our system of law, judicial power to grant a divorce — jurisdiction, strictly speaking — is founded on domicil."). Domicile is established by actual residence with the intent to remain there for an indefinite time. OCGA § 19-5-2; *Bufford v. Bufford,* 223 Ga. 133 (2) (153 SE2d 718) (1967). A person's immigration status does not, as a matter of law, preclude that person from establishing residency for purposes of obtaining a dissolution of marriage. *Abou-Issa v. Abou-Issa,* 229 Ga. 77, 79 (189 SE2d 443) (1972). See *Caballero v. Martinez,* 186 N.J. 548, 559 (897 A2d 1026) (2006); *Bustamante v. Bustamante,* 645 P2d 40 (Utah 1982); *Weber v. Weber,* 929 S2d 1165, 1168 (Fla. App. 2006); *In re Marriage of Dick,* 15 Cal. App.4th 144 (18 Cal. Rptr.2d 743) (1993); *In the Matter of Marriage of Pirouzkar,* 51 Ore. App. 519 (626 P2d 380) (1981); *Cho v. Jeong,* 1997 Tenn. App. LEXIS 407, 1997 WL 306017 (Tenn. App. 1997) (unreported decision). See also *Williams v. Williams,* 328 FSupp. 1380, 1383 (DC V.I. 1971). Accordingly, it is error to rule that a person is not a resident of Georgia for purposes of filing a complaint for divorce based solely on the plaintiff's immigration status.

*Judgment reversed. All the Justices concur.*

Decided February 26, 2007.

*Leah M. Singleton*, for appellant.

Vanessa Padron, *pro se*.