**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A1866. CRITTENDEN v. CRITTENDEN.

McFADDEN, Chief Judge.

This appeal challenges the dismissal of the appellant's complaint for divorce. Because the appellant failed to meet his burden of showing that he was domiciled in Georgia for the six months preceding the filing of the complaint, the trial court did not err in dismissing the action for lack of subject matter jurisdiction. We therefore affirm the judgment below.

1. *Facts and procedural posture.*

Alan and Mariko Crittenden were married in 2004 in Japan, where Alan Crittenden was stationed as a member of the United States armed forces. The couple has two minor children, one born in 2011 and the other in 2014. In May 2018, while still stationed in Japan, Alan Crittenden filed a complaint for divorce in the Superior

Court of Cherokee County, Georgia, claiming that he had been a continuous resident of Georgia for more than the six months immediately preceding the filing of the complaint. The following month, in June 2018, he left Japan for a new military posting in Maryland, while Mariko Crittenden and the children stayed in Japan.

Mariko Crittenden moved to dismiss the divorce complaint on various grounds, including lack of subject matter jurisdiction due to Alan Crittenden not having been a bona fide resident of Georgia during the six months before filing the complaint. In the motion, Mariko Crittenden averred that Alan Crittenden does not have a single fixed place of abode in Georgia and has never submitted any evidence of any physical address for such an abode in Cherokee County. In response to the motion, Alan Crittenden stated that he had listed Georgia as his home of record with the military and had filed taxes in Georgia, but he did not indicate any address for an actual residence in Georgia. The trial court granted the motion to dismiss, finding, among other things, that it lacked jurisdiction because Alan Crittenden had not shown that he was a bona fide resident of Georgia for the six months immediately preceding the filing of the complaint as required by OCGA § 19-5-2. Alan Crittenden appeals.[1]

---

[1]Alan Crittenden states in an appellate brief to this court that he has also filed a divorce action in Maryland.

2. *Jurisdiction.*

Alan Crittenden contends that the trial court erred in dismissing his complaint for lack of jurisdiction.[2] We disagree.

> OCGA § 19-5-2 . . . provides in pertinent part that "no court shall grant a divorce to any person who has not been a bona fide resident of this state for six months before the filing of the petition for divorce." As we have explained before, the party petitioning for a divorce bears the burden to prove that he was a bona fide resident of Georgia for the time required by OCGA § 19-5-2, and to carry that burden, the petitioner must show that he was domiciled in Georgia for the six months preceding his filing of the petition. We also have explained that, to show such domicile, the petitioner must prove that he maintained actual residence in Georgia during the relevant time and that he had an intent at that time to remain in Georgia indefinitely.

*Black v. Black*, 292 Ga. 691, 692 (1) (740 SE2d 613) (2013) (citations and punctuation omitted). See also *Padron v. Padron*, 281 Ga. 646 (641 SE2d 542) (2007) ("As used in OCGA § 19-5-2, 'resident' means 'domicilary.'") (citation omitted). "[T]hat domicile refers to a single fixed place of abode with the intention of remaining there indefinitely, or the single fixed place of abode where a person intends to return, even though the person may in fact be residing elsewhere[.]" *Abou-Issa v. Abou-Issa*, 229 Ga. 77, 78 (189 SE2d 443) (1972). Accord *Sastre v. McDaniel*,

---

[2]We note that a dismissal for lack of subject matter jurisdiction is not a ruling on the merits and such dismissal is without prejudice. See *Gale v. Hayes Microcomputer Products*, 192 Ga. App. 30, 32 (3) (383 SE2d 590) (1989).

3

293 Ga. App. 671, 673 (1) (667 SE2d 896) (2008) (noting that domicile refers to a single fixed place of abode where a person intends to remain indefinitely or return to if residing elsewhere).

In the instant case, the record supports the trial court's finding that the appellant did not meet his burden of showing that he has maintained an actual residence – a single fixed place of abode – in Georgia where he intends to remain indefinitely. See *Black*, supra at 693 (1) ("So long as any evidence appears in the record to support these findings, we must accept them."). We acknowledge that appellant testified that, until he joined the military, he lived in his parents' home in Cherokee County, Georgia; that he has since lived where he was stationed; and that he has never established any other residence. But the appellant has not identified, let alone cited any evidence in the record showing that home or any other place to be a single fixed place of abode in Georgia where he intends to remain indefinitely or return to after residing elsewhere. As the trial court noted, although the appellant provided copies of tax returns, those returns did not claim a Georgia address and instead showed only an overseas post office box. Based on the record before us, we find that the trial court "properly dismissed the case [since,] under the . . . evidence, [the appellant] simply [has not shown that he] had [an actual] residence in [Georgia]

4

that [he] could claim as [his] domicile." *Conrad v. Conrad*, 278 Ga. 107, 110 (597 SE2d 369) (2004).

3. *Remaining enumerations.*

Because of our holding above, we need not address the appellant's remaining enumerations of error.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*