JOHN HARKINS, plaintiff in error, vs. CLEMENT ARNOLD, next friend, defendant in error.

1. Where an applicant for homestead seeks to have realty, alone, to the value of $2,000 in specie, set apart, it is unnecessary to file a schedule of personalty.

2. Where it appears that a widow, with minor children, whose father died in this State, married a second time, and she and her husband, after living in the county of her first husband's residence for some time, left the State, taking the minors with them, but frequently avowed, and still avow, their intention of returning to their former home, which they claim never to have abandoned, and application is made, in behalf of the minors, for homestead out of their father's estate, by next friend, in the county in which the father died resident, and objection is filed

by a creditor of the father, on the ground that the minors are not citizens of Georgia, and, therefore, not entitled to a homestead, and the jury, on appeal from the Ordinary who granted the homestead, affirm his judgment:

*Held,* That the question of domicil was one of fact, under the circumstances, the jury having found in favor of the minors' right to homestead, this Court will not disturb the verdict which is warranted by the evidence.

3. An infant who has no guardian, may apply, by next friend, for a homestead.

Homestead. Domicil. Before Judge PARROTT. Gordon Superior Court. February Term, 1872.

Clement Arnold, as next friend of Mary A. Darnell, formerly Mary A. Cobot, widow of F. M. Cobot, deceased, and of Mark Cobot, Norman F. Cobot, Frederick M. Cobot and John P. Cobot, minor children of said F. M. Cobot, petitioned the Ordinary of Gordon county to have a homestead set apart for the benefit of said widow and minors in the real estate of said F. M. Cobot.

John Harkins, a creditor, objected, upon the following grounds, to-wit:

1st. Because said applicant has not filed a schedule of the personal property owned by the estate of deceased.

2d. Because said widow and minor children are non-residents of the State of Georgia.

3d. Because said widow has had a large amount of said estate before the filing of said application, to-wit: more than is allowed for a homestead.

Issue having been joined upon the aforesaid objections, and the homestead allowed by the Ordinary, John Harkins appealed to the Superior Court.

Upon the trial before the jury, it appeared from the evidence that F. M. Cobot died in 1864, leaving the aforesaid widow and minor children; that Mrs. Cobot married W. H. Darnell in 1867 or 1868, and resided in Calhoun, Georgia; that Darnell, in 1868, went to Floyd county, temporarily, for the purpose of teaching school, claiming, always, Calhoun as his home; that Darnell left Calhoun in January,

1869, and went to Lebanon, Tennessee, in response to a call from a Cumberland Presbyterian congregation; that he was a minister of the gospel of the Cumberland Presbyterian Church; that Darnell never relinquished Calhoun as his home, but said, on the contrary, that he intended to return at the end of the year for which he was engaged by said church; that he has not yet returned, and is engaged for another year; that the aforesaid minor children accompanied him to Lebanon, Tennessee; that Darnell has written many letters to persons in Calhoun expressing his intention of returning.

The jury returned a verdict in favor of the applicant. John Harkins moved for a new trial, upon the following grounds, to-wit:

1st. Because the verdict is strongly and decidedly against the weight of evidence.

2d. Because the verdict is contrary to law.

The motion for a new trial was overruled, and plaintiff in error excepted and assigns said ruling as error.

UNDERWOOD & ROWELL, represented by E. N. BROYLES, for plaintiff in error.

W. H. DABNEY, for defendant.

MONTGOMERY, Judge.

1. The Act of October 3d, 1868, provides that every person seeking the benefit of the Act "should make out a schedule and description of the personal property claimed by him to be exempt," etc.

The Act of March 20th, 1869, enacts that "it shall be the duty of such debtor, when he takes steps in the Court of Ordinary, or before the proper Court, to have said exemption of personalty set off to him to make a full and fair disclosure of all the personal property," etc. Only then when he claims exemption of personalty is it his duty to file a schedule.

2. My associates prefer, in this case, to treat the question

of domicil which arises, as a question of fact, and (under the evidence as set forth in the decision pronounced from the bench and as embodied in the statement of facts by the Reporter,) to hold that the jury had sufficient evidence before them of the *animus revertendi* on the parts of the step-father and the mother of the children to sanction the verdict. For myself I am prepared to say, as matter of law, that the minors have never lost their domicil in Gordon county, so far as to deprive them of their right to homestead, for the following reasons : First, the place of birth of a person is considered as his domicil, if it is at the time of his birth the domicil of his parents, or, rather, of his father. *Patris originem unusquisque sequatur.* Secondly, the domicil of birth of minors continues until they have obtained a new domicil. Thirdly, minors are generally deemed incapable, *proprio motu*, of changing their domicil during minority. [This rule has, perhaps, its exceptions: *Roberts vs. Walker*, 18 *Georgia*, 5 ;] and, therefore, they retain the domicil of their father. Fourthly, if the father dies, his last domicil is that of his infant child.

A widow retains the domicil of her deceased husband until she obtains another. A married woman follows the domicil of her husband : Story's Conflict of Laws, section 46. At common law a domicil cannot be acquired by act of the infant; but, with the exception of fraud, a domicil acquired by the mother with whom the infant continues to reside (the father being dead) becomes the domicil of the infant : Pottinger *vs.* Wrightman, 3 Mer., 67. But by the civil law minors retain the domicil which their father had at the time of his decease, although the infants afterward remove with the consent of their curators, tutors or relations; because they are not permitted to change the order of their succession to personal property, which depends on the law of domicil : 2 Domat's Public Law, 487, book 1, title 16, section 3, article 10. This principle does not appear to have been adopted by the common law because the right of inheritance is not changed by a change of domicil within the State nor is the

settlement of estates affected thereby : Holyoke *vs.* Haskins, 5 Pickering's Reports, 25-6, and authorities there cited.

In Georgia, if, as contended by counsel, no one, who is a resident of another State, is entitled to homestead here, the reason of the civil law applies in full force. In addition to this, section 1695 of the Code provides that " A person, whose domicil for any reason is dependent upon that of another, can, by no act or volition of his, effect a change of his own domicil ; nor can a guardian change the domicil of his ward by a change of his own, or otherwise, so as to interfere with the rules of inheritance or succession, or otherwise affect the rights or interests of third persons." The same person may have a domicil in one place for one purpose—in another, for another purpose : Somerville *vs.* Somerville, 5 Vesey, 786. For these reasons, as matter of law, I think that no change of the domicil of the mother, the natural guardian of the children, could so far change their domicil as to deprive them of their right to homestead in their father's estate. The jury, however, have found, as matter of fact, that their step-father did not change his domicil. There is evidence to sustain this finding. And this settles their right to homestead.

3. Section 13 of the Homestead Act of 1868 provides that the minors may apply for homestead by next friend.

Judgment affirmed.