COLLINS v. CAMP, sheriff, et al.

1. Where a married man, having a permanent abode in this State,
determined to change his residence and establish it in a distant
State, and, with the avowed intention of doing so, took his de-
parture, but left his wife (who was all of his family) here, where
she remained until after process in a suit brought against him was
served by leaving a copy with her at the same abode he occupied
with her when he left, which abode she continued to occupy, such
service was effectual; there being no evidence that he had ac-
quired a residence elsewhere or even that he ever reached the
State to which he intended to remove, and no·evidence that he in-
tended to abandon his wife. The service was made within the
same calendar month in which the defendant in the process left
this State, and his wife did not leave until more than a month
after the service was effected.
2. An execution regularly issued by a justice of the peace, and pur-
porting to be founded upon a judgment rendered in a justice's
court, is *prima facie* valid, and no invalidity of it is established by
the production of the justice's docket in which the entry of judg-
ment shows the names and order of the parties, the issuing and
service of summons, the fact that the suit was founded upon a
note, and an entry of judgment thus: "Judgment in favor of
............ against ............ for principal $57.45. Interest 8% from
date of note ............ Interest after judgment at 8% per annum
............ Attorney's fees 10% on principal and interest ..... ......
Cost . .......... This 17th day of August, 1886. G. C. Thompson,
J. P. Execution issued 23d of August, 1886," the execution con-
forming in all material respects, including its date, to the docket.
Any ambiguity of the docket as to the party in whose favor, or the
party against whom, the judgment was rendered, is sufficiently
solved by the execution itself.          *Judgment reversed.*

April 2, 1894. Argued at the last term.

Petition for direction. Before Judge Harris. Campbell superior court. August term, 1893.

A fund in the sheriff's hands raised by sale of property of Thompson, was claimed by two holders of various executions against him, the oldest of which was held by Collins. Stephens, the holder of others, notified the sheriff not to pay any of the fund to Collins, insisting that the execution held by Collins was void. The sheriff filed a petition for direction, etc., and Collins and Stephens pleaded thereto. At the trial the execution held by Collins, and the judgment on which it was founded, were in evidence. The execution was ruled out, because it did not appear that the judgment was in favor of any one (see the second head-note). The court also ruled that if Thompson declared his intention to change his residence, and did actually remove from this State to Texas and locate there on or before the date when the suit against him was commenced and the summons therein served by leaving it at the residence he had occupied here, although his family still resided at the same residence in this State, the jury should find against the execution resulting from that suit. The jury found that Thompson was not domiciled in the district of the justice's court from which the execution issued, at the date of the issuance and service of the summons. Collins moved for a new trial, and the motion was denied The head-notes show the other material facts.

Thomas W. Latham, for plaintiff in error.
J. F. Golightly, contra.