## WILLIAMS *v.* WILLIAMS.

No. 13268. DECEMBER 3, 1940. REHEARING DENIED DECEMBER 18, 1940.

*D. W. Mitchell* and *W. M. Henderson,* for plaintiff in error.
*Hardin & McCamy,* contra.

REID, Chief Justice. Mrs. Annie Thomas Williams filed suit for divorce and alimony against Farrar O. Williams. The two required verdicts were returned in her favor, the last also providing for permanent alimony; and a decree was rendered accordingly. The defendant's motion for new trial was overruled, and he excepted. The only questions presented by the record and argument of counsel for determination are whether the plaintiff had been "a bona fide resident of the State twelve months before the filing of the application for divorce," as required by the Code, § 30-107, and whether the court erred in failing to charge the jury

in this connection the provisions of the Code, § 79-401. It appears from the evidence that the parties were married in 1934, and settled in Dalton, Whitfield County, Georgia, this being the home and place of residence of the defendant. They continued to reside at that place until approximately two years before the institution of the present action, when the plaintiff left the defendant and went to Chattanooga, Tennessee, where she has since resided.

It is appropriate before going any further into the evidence to consider whether the Code, § 30-107, requires that the plaintiff shall have *actually resided* in the State twelve months before the institution of her action for divorce. If so, she can not prevail; for, as stated, it appears that she has actually lived in the State of Tennessee for approximately two years. Although the statute refers to a "bona fide resident" it is not open to question that mere twelve-months residence in this State is not sufficient. It is in fact conceded that it can not be construed to mean anything less than that the plaintiff in a divorce action must have been domiciled here for the statutory period. This court has taken this view of the statute on at least two occasions. See *Cochran* v. *Cochran*, 173 *Ga.* 856, 862 (162 S. E. 99) ; *Dicks* v. *Dicks*, 177 *Ga.* 379, 382 (170 S. E. 245). Inherent in the legal concept of domicile as generally understood is something more than mere physical residence at a place. This additional quantity is usually expressed as an "intention to remain for an unlimited time" (Kennan on Residence and Domicile, 60), or "without any present intention of removing therefrom." While it is true that in order to acquire a domicile in a particular jurisdiction a person must actually reside there with the intention of remaining permanently or for an indefinite time, it is also true that a domicile once established continues until a new domicile is acquired; and since a new domicile can not be acquired simply by a change of residence, but it must be with the intention of abandoning the old residence and of remaining permanently or for an indefinite time in the new, it follows that a person may continue to be domiciled in this State even though at the time he may be in fact residing in another State. See *Worsham* v. *Ligon*, 144 *Ga.* 707 (87 S. E. 1025) ; *Harkins* v. *Arnold*, 46 *Ga.* 656; *Collins* v. *Camp*, 94 *Ga.* 460 (20 S. E. 356) ; *Hickson* v. *Brown*, 92 *Ga.* 225 (17 S. E. 1035). Accordingly, if the full meaning of the statute is that the plaintiff in an action for divorce must have been domiciled in

this State for twelve months before the filing of suit, it does not constitute a requirement that the plaintiff should have actually resided here during that period. This we believe is the proper construction of the statute, and not that it requires, in addition to domicile, twelve months actual residence. It is true that in some jurisdictions the contrary has been ruled, but in most instances it will be found that the statutes expressly require "actual residence," which is of course materially different from the requirement of our statute the the plaintiff be a "bona fide resident."

Residence is of course indicative of domicile, and it is correct to say that prima facie a person is considered domiciled at the place where he resides. In the present case, however, the evidence concerning the plaintiff's residence in Tennessee certainly did not demand a finding that she had thereby become domiciled in that State and had accordingly lost the domicile that she had unquestionably acquired here. The jury was authorized to find that her removal from this State to Tennessee was not purely voluntary but was dictated by circumstances. She testified that she was forced to leave the defendant because of his habitual intoxication and cruel treatment, and to go to Chattanooga where she had friends and relatives, and where she could more easily obtain employment. She further testified that she had no established home in Chattanooga, but had lived or boarded with friends. It is reasonably clear from the evidence that she has always entertained the definite purpose of returning to Dalton to live, although it may have been subject to certain contingencies. On several occasions during her residence in Chattanooga she returned to Dalton to see the defendant, to determine whether he had so changed that she might return and live with him. Great stress is laid on the fact that the plaintiff maintained no home in Dalton to which she could return, and that her only possessions left there were "some dishes and some clothing." While it is true that since the parties were separated the plaintiff's domicile could not be determined by that of the defendant (Code, § 79-403), it is nevertheless a fact that the home of the defendant was the plaintiff's home and one to which she desired to return, and would no doubt have returned had the defendant changed his conduct and manner of living. The case is not analogous to one where a person moves to another jurisdiction apparently for an indefinite time and leaves or retains no place of

abode to which he might return. Much is also made of the fact that the plaintiff has resided out of the State for approximately two years before bringing the present action for divorce. Time of residence in another jurisdiction is not decisive of the question of domicile. It was but a circumstance to be considered by the jury in determining whether or not the residence was in fact intended to be permanent and with the intent of abandoning her domicile in this State. In this case it should not be held against the plaintiff that she put off the day of finally dissolving the relationship of man and wife between her and the defendant. We are of the opinion that the evidence amply authorized the jury to find in favor of the plaintiff on this issue.

Complaint is made that the judge did not give in charge to the jury on this issue the provisions of the Code, § 79-401. It will be seen from what has already been said that it appears without question that until the separation the plaintiff was domiciled with her husband in this State; and the only question presented was whether she had lost her domicile in this State and acquired a domicile in Tennessee. Code § 79-401 was not intended to apply in the determination of such question. This section is a codification of the act of 1838 (Ga. L. 1838, p. 203), as follows: "Whereas no small degree of embarrassment has arisen, and is likely to arise, from the indefinite manner in which *the place of residence* of *citizens* and *inhabitants of this State* is defined by law; for remedy whereof: Be it enacted, . . that from and after the passage of this act, the place where the family of any person shall permanently reside, *in this State,* and the place where any person having no family, shall generally lodge, shall be held and considered as the most notorious place of abode of such person or persons respectively." (Italics supplied.) This act dealt solely with "citizens and inhabitants of this State," and did no more than to provide in substance that the place *in this State* where such persons generally lodge should be considered their most notorious place of abode. Likewise, while the word domicile has been substituted for the words "most notorious place of abode," found in the act, the Code section merely provides that as to persons having no family, the place *in this State* where such person shall generally lodge shall be considered his domicile *in this State*. Whatever construction should be given to the words "generally lodge" as used therein,

we think, as the section is framed, that it was not in fact intended to apply in determining whether or not a person has lost a domicile acquired in this State and become domiciled in some other state. Under the views above expressed *Smith* v. *Smith,* 136 *Ga.* 197 (71 S. E. 158), relied on by counsel for the plaintiff in error, is not authority here. In that case the defendant filed a plea to the jurisdiction in a suit for divorce brought by his wife in Fulton County, contending that he had moved to DeKalb County and was a resident of and domiciled in DeKalb County. The question there presented was merely in which county *in this State,* that is, Fulton or DeKalb, the defendant was domiciled, and not, as here, whether he was domiciled in this or some other State. Therefore the complaint is without merit. In the opinion in this case as first delivered we stated that the plaintiff in error had abandoned the general grounds of the motion for new trial. What was meant by this statement was that the plaintiff in error did not argue that the evidence did not sufficiently show grounds for granting a divorce to the plaintiff. The statement was of course erroneous, since it was essential for the plaintiff to show that she had been "a bona fide resident of the State twelve months before the filing of the application for divorce" (Code, § 30-107), and it was argued that the evidence was lacking in this respect. We have stricken the statement, and in view of the motion for rehearing have revised the opinion. With these changes, the motion for rehearing is denied, and the judgment of affirmance is adhered to.

*Judgment affirmed. All the Justices concur.*