## S02A0619. MIDKIFF v. MIDKIFF.
(562 SE2d 177)

CARLEY, Justice.

The parties in this divorce case were married in 1993, but not in Georgia. They lived in Florida, had three children, and moved to Germany where Husband was stationed with the military. Wife later

returned to the United States alone. She has never lived in Georgia, and Husband has not lived in this state since brief periods when he was a minor. However, he brought suit for divorce in Spalding County, alleging that that county is his home of record while he is serving in the armed forces. After service by publication, Wife did not answer. The trial court entered a final judgment granting a divorce and awarding custody of the children and child support to Husband. On petition of Husband's parents, apparently with his consent, the trial court modified its previous awards by granting custody to them and ordering Husband to pay child support. Wife thereafter filed a motion to set aside both the final judgment and the modification order, which the trial court denied. She appeals from this order pursuant to our grant of a discretionary appeal.

1. Wife contends that the trial court never had jurisdiction over the parties' marital relationship. As the party seeking a divorce, Husband had to show "that the trial court has jurisdiction over the res of the marriage which results from his or her domicile in this state for the six-month period preceding the filing of the action." *Abernathy v. Abernathy*, 267 Ga. 815, 816 (482 SE2d 265) (1997). See also OCGA § 19-5-2.

It is undisputed that Wife's domicile has never been in Georgia. Husband showed that, prior to the time he filed this action, he changed his military "home of record" to Spalding County where his parents had moved. However, he did not live in or even visit Spalding County at any time during the marriage, but was stationed in Germany for more than six months prior to filing this action. He has never filed a tax return or registered to vote in Georgia.

A member of the military may abandon his former domicile and establish a new domicile in this state by meeting the same statutory requirements that apply to any other citizen. See *Kendrick v. Parker*, 258 Ga. 210 (1) (367 SE2d 544) (1988). However, Husband did not do so.

The jurisdictional rules applicable to a divorce action in Georgia provide that "[t]he domicile of a person sui juris may be changed by an *actual change of residence* with the avowed intention of remaining at the new residence." (Emphasis supplied.) OCGA § 19-2-1 (b). " 'It requires both act and intent to establish a residence, and either without the other is insufficient.' [Cit.]" *Bufford v. Bufford*, 223 Ga. 133, 134 (2) (153 SE2d 718) (1967).

> "There must be a concurrence of *actual residence* and the intention to remain, to acquire a domicile. [Cits.] If a person *actually removes to another place*, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile."

138

(Emphasis supplied.) *Williams v. Williams*, 226 Ga. 734, 736 (2) (177 SE2d 481) (1970) (holding that it is not required that the plaintiff in a divorce case actually reside in the state during the six months preceding the filing of the action, so long as he has previously established the necessary actual residence and has not subsequently changed his domicile). Although Husband may have manifested some intent for Georgia to become his legal residence, he did not establish actual, physical residence in this state merely by effectuating an administrative change of his designated home state on his military records to the location where his parents had moved. See *Hostler v. Hostler*, 151 S2d 672 (Fla. App. 1963).

OCGA § 19-5-2 authorizes a divorce action by any person who has not resided in Georgia for six months, but who has been a resident on a United States army post or military reservation within this state for one year preceding the filing of the petition. However, this statutory exception to the six-month residency requirement has its basis in, and cannot be extended beyond, the identical constitutional exception contained in Art. VI, Sec. II, Par. I of the Georgia Constitution of 1983. See *Darbie v. Darbie*, 195 Ga. 769, 770 (6) (25 SE2d 685) (1943). That exception does not include members of the military, such as Husband, who have not been stationed in a United States military facility located in this state. Accordingly, the trial court erred in failing to set aside the final divorce decree.

2. Under OCGA § 19-9-1, the trial court can order " 'a final disposition of the minor children of the parties only when a divorce is granted. (Cit.) This power is incident to the divorce proceeding, and is exercisable only when a valid divorce is granted between the parties. (Cits.) . . .' [Cit.]" *Griffis v. Griffis*, 229 Ga. 587, 591-592 (2) (193 SE2d 620) (1972). See also *Rowe v. Rowe*, 195 Ga. App. 493, 495 (5) (393 SE2d 750) (1990). "In this case, since no valid divorce was granted for the reason previously stated, the court was without power to fix custody and control of the minor children of the parties. . . ." *Harmon v. Harmon*, 209 Ga. 474, 475 (4) (74 SE2d 75) (1953). Likewise, the award of child support "is without legal force and effect." *Harmon v. Harmon*, supra at 475 (3). Compare *Leitzke v. Leitzke*, 239 Ga. 17, 18 (2) (235 SE2d 500) (1977) (a claim for child support in a divorce complaint was valid under the Civil Practice Act where the parties had previously been divorced and the latter divorce action was dismissed simply because the parties' purported remarriage was void). Moreover, as Husband concedes, the trial court was not authorized to order Wife to pay alimony for support of the children, as it did not have personal jurisdiction over her. *Abernathy v. Abernathy*, supra at 817; *Hicks v. Hicks*, 193 Ga. 446 (1) (18 SE2d 754) (1942). Therefore, the trial court should have granted the motion to set aside the subsequent modification order as well as the final divorce decree.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Richard L. Collier*, for appellant.
*Don H. Taliaferro*, for appellee.