S04F0304. CONRAD v. CONRAD.
(597 SE2d 369)

HINES, Justice.

Elizabeth and Christopher Conrad were married in 1978. They lived in DeKalb County from 1995 until 1999 when Mr. Conrad's employer, CARE Incorporated, transferred him to South Africa on a temporary assignment. Ms. Conrad moved to South Africa with him. While in South Africa, she attended the University of Witwatersrand in Johannesburg. They sold their house in Georgia on July 19, 2002.

Ms. Conrad retained her Georgia driver's license and voter registration card, both showing her address to be her daughter's apartment in DeKalb County.

On January 9, 2003, Ms. Conrad filed for divorce in the Superior Court of DeKalb County. Mr. Conrad moved to dismiss the complaint for lack of subject matter and personal jurisdiction. The trial court granted the motion, finding that it lacked subject matter jurisdiction because Ms. Conrad was not "a bona fide resident of this state for six months before the filing of the petition for divorce. . . ." OCGA § 19-5-2.[1]

Both parties advance legal arguments regarding the concepts of residence and domicile. See OCGA §§ 19-2-1; 19-5-2; *Bass v. Bass*, 222 Ga. 378 (149 SE2d 818) (1966); *Williams v. Williams*, 191 Ga. 437 (12 SE2d 352) (1940). But their arguments ignore the specific language of the trial court's order; the trial court made a factual finding that the persuasive evidence before it was that Ms. Conrad had abandoned her prior residence in Georgia and did not satisfy the residency requirement of OCGA § 19-5-2 at the time she filed the complaint. The trial court did not misapply the law.

As used in OCGA § 19-5-2, "resident" means "domiciliary." *Worrell v. Worrell*, 242 Ga. 44, 45 (1) (247 SE2d 847) (1978).

> The jurisdictional rules applicable to a divorce action in Georgia provide that "the domicile of a person sui juris may be changed by an *actual change of residence* with the avowed intention of remaining at the new residence." . . . OCGA § 19-2-1 (b). " 'It requires both act and intent to establish a residence, and either without the other is insufficient.' [Cit.]" [Cit.] "There must be a concurrence of actual residence and the intention to remain, to acquire a domicile. [Cits.] If a person *actually removes to another place*, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile."

(Emphasis in original.) *Midkiff v. Midkiff*, 275 Ga. 136, 137 (1) (562 SE2d 177) (2002). A "floating intention to return" to a past residence does not retain that original domicile. See *Patterson v. Patterson*, 208 Ga. 7, 13 (2) (64 SE2d 441) (1951).

Ms. Conrad's own affidavit stated that: the couple left their house in DeKalb County in 1999 to move to South Africa in what was intended to be a temporary move; in July 2002, the couple sold this

---

[1] The court also ruled that, because it did not have subject matter jurisdiction, it did not have personal jurisdiction over Mr. Conrad and venue was not proper in DeKalb County.

house; after the sale, Ms. Conrad briefly lived with her daughter in her daughter's apartment in DeKalb County; she placed the address of her daughter's apartment in Atlanta, Georgia, on her driver's license and voter registration card; and she intended to return to "DeKalb County," or "Atlanta, Georgia."[2] As attachments to her affidavit, she submitted federal tax forms for the year 2001 which listed the couple's "bona fide residence" as Johannesburg, South Africa, and their "home address" as "care of" the offices of CARE Incorporated. The forms specifically stated that the couple did not maintain a home in the United States while living in South Africa.

The trial court noted that it was presented with conflicting evidence concerning Ms. Conrad's residence within the meaning of OCGA § 19-5-2.

> A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. At such hearing *factual issues* shall be determined by the trial court. Factual determinations of the trier of fact will be reversed only where the evidence demands a contrary finding, and when the trial judge conducts a hearing on a motion to dismiss or transfer for improper venue, his findings, as a trier of fact, are tested by the any evidence rule.

(Citations and punctuation omitted; emphasis in original.) *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (1) (418 SE2d 130) (1992). To resolve the conflict, the trial court applied *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). That opinion holds that, on motion for summary judgment, when a respondent offers self-contradictory testimony by the party-witness on an issue dispositive of the case, if the contradiction is not adequately explained, the contradictory testimony must be construed against the respondent. Id. at 28-30 (1). See also *Thompson v. Ezor*, 272 Ga. 849, 851 (1) (536 SE2d 749) (2000). Accordingly, the trial court relied upon the statements in Ms. Conrad's tax forms that her "bona fide residence" was in South Africa and that she did not maintain any home in the United States, and specifically found as a matter of fact that Ms. Conrad was not a resident of DeKalb County within the meaning of OCGA § 19-5-2.

---

[2] Ms. Conrad did not aver that she intended to return to live in her daughter's apartment, or that the address listed on her driver's license and voter registration card was where her daughter permanently resided. See OCGA § 19-2-1 (a). In fact, she stated that she wished to live "close" to her children; she did not testify that she wished to live with them.

Of course, the trial court was not addressing a motion for summary judgment, and a motion to dismiss on jurisdictional grounds is not converted into a motion for summary judgment by the introduction of evidence. See OCGA § 9-11-12 (b); *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974). Nonetheless, "[t]he rule in Georgia is that the testimony of a party who offers [herself] as a witness in [her] own behalf at trial ' "is to be construed most strongly against [her] when it is self-contradictory, vague or equivocal." ' *Douglas v. Sumner*, 213 Ga. 82, 85 (97 SE2d 122) (1957); *W & A Railroad Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1895)." *Prophecy*, supra at 28. Thus, the principle to be applied is the same, even in the posture of the case as presented to the trial court. The court properly applied the principle, and properly dismissed the case; under the persuasive evidence, Ms. Conrad simply had no residence in DeKalb County that she could claim as her domicile.

Ms. Conrad notes that the trial court did not declare what her place of domicile was, only that it was not in DeKalb County. But the trial court did not need to make such a finding; the only question before it was whether Ms. Conrad's residence was in DeKalb County within six months of the January 9, 2003 filing of the divorce action.[3] See OCGA § 19-5-2.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., Hunstein and Carley, JJ., who dissent.*

FLETCHER, Chief Justice, dissenting.

The majority changes the well-established rule that an existing domicile continues until a new domicile is established and ignores the fact that under federal tax law, a person may be a "bona fide resident" of a foreign country and still maintain a U. S. domicile. Therefore, I dissent.

In *Williams v. Williams*, this Court, held that for the purpose of the residency requirements for divorce, "a domicile once established continues until a new domicile is acquired."[4] In order to establish a new domicile, "a person must actually remove to another place with a present intention of remaining there as his place of domicile."[5] Even after a physical relocation, where there is an absence of intent to remain in the new location, the prior domicile continues.[6]

---

[3] To the extent that a finding of a new domicile was necessary to a declaration that the DeKalb County domicile had been abandoned in, at least, 2001, the totality of the trial court's order makes clear that the court concluded Ms. Conrad had become a domiciliary of South Africa.

[4] *Williams v. Williams*, 191 Ga. 437, 438 (12 SE2d 352) (1940).

[5] *Bass v. Bass*, 222 Ga. 378 (1) (149 SE2d 818) (1966).

[6] Id. at 382, quoting *Worsham v. Ligon*, 144 Ga. 707 (2) (87 SE 1025) (1916).

Here, the evidence established that Mrs. Conrad lived in DeKalb County from 1995 until 1999. In 1999, her husband accepted a temporary assignment with his Atlanta-based employer to move to South Africa. Mrs. Conrad testified that the move was temporary, she maintained her Georgia's driver's license and voter registration, and her intent was to retain her domicile in DeKalb County. The parties separated in 2003 and Mrs. Conrad now works for the Department of Defense in Baghdad, Iraq on a temporary work permit. Following the conclusion of this job assignment, she intends to return to Georgia. This evidence clearly shows that Mrs. Conrad established her domicile in DeKalb County, intends to maintain DeKalb County as her domicile, and has not acquired a new domicile.

The trial court and the majority focus primarily on the fact that the parties stated in federal tax returns that they were "bona fide residents" of South Africa and conclude that this fact presented conflicting evidence regarding Mrs. Conrad's intent. Claiming bona fide resident status of a foreign country for federal income tax purposes, however, is not contrary to an intent to retain a domicile in the United States. The Internal Revenue Service specifically recognizes that a "bona fide residence" may be different from a domicile: "Your bona fide residence is not necessarily the same as your domicile. Your domicile is your permanent home, the place to which you always return or intend to return."[7] Because claiming a bona fide residence in one place for federal tax purposes is not inconsistent with maintaining a domicile in another, the trial court erred in concluding that there was a conflict in the evidence that should be resolved against Mrs. Conrad.

The evidence demonstrated that Mrs. Conrad's domicile remained in DeKalb County, Georgia, and the trial court erred in dismissing her complaint for lack of subject matter jurisdiction.

I am authorized to state that Justice Hunstein and Justice Carley join in this dissent.

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JUNE 28, 2004.

---

[7] I.R.S. Publication 54, Tax Guide for U.S. Citizens and Resident Aliens Abroad, at 14 (2003). See also *Swenson v. Thomas*, 164 F2d 783, 784 (5th Cir. 1947) (provision that allows "bona fide resident" of foreign country to exclude certain income for federal tax purposes "says nothing of domicile, or changing that. Domicile is not changed by foreign residence so long as there is an intention to return home.").

*Weinstock & Scavo, Adam M. Gleklen, Alyson F. Finkelstein*, for appellant.

*Kupferman & Golden, Gregory D. Golden*, for appellee.