**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A1517. IN RE: ESTATE OF PRICE.

BRANCH, Judge.

On appeal from a probate court's grant of a temporary administrator's petition to sell real property owned by an estate, two of the decedent's heirs argue that the probate court erred when it failed to find that the temporary administrator had "good cause" for the sale. Because the record shows that the probate court failed to make this finding, which is required under OCGA § 53-8-10 (b), we vacate and remand for further proceedings.

Where a probate court sits as a finder of fact, we accept its findings if they are supported by any evidence. *Lowry v. Hamilton*, 268 Ga. 373, 374 (2) (489 SE2d 827) (1997). The probate court's application of the law is subject to de novo appellate review, however. *In re Estate of Haring*, 314 Ga. App. 770 (1) (726 SE2d 86) (2012).

So viewed, the record shows that John Tomlinson, the temporary administrator of the estate of Fronice Price, filed a petition for leave to sell property located at 3331 Haddon Hall Drive, Buford, for $175,000. According to the petition, the sale was for the purposes of paying the estate's debts and making distributions to the decedent's heirs. Darrell Price and Diane Parris, two of the heirs, objected that the proposed price of only 59 percent of the property's assessed value was too low. Price and Parris also pointed out that the estate had more than $350,000 in cash on hand and no debts.

On the day of the hearing, the probate court delayed ruling on Tomlinson's petition so that the parties could consider Price and Parris's own offer to buy the property for $180,000 on condition that the estate extend $90,000 in credit for the repair and renovation of the property. After Tomlinson and the two remaining heirs filed objections to this offer, the probate court found that the property was vacant and falling into a state of disrepair, was costing the estate money to maintain, and should be sold. The probate court then granted Tomlinson's petition as "in the best interest of the estate." This appeal followed.

Price and Parris argue that the probate court failed to apply the proper standard of proof when it concluded that the sale by the temporary administrator Tomlinson was "in the best interest of the estate." We agree.

OCGA § 53-8-10 (a) authorizes an estate's *personal representative* to dispose of property for any purpose that is "in the best interest of the estate." OCGA § 53-8-10 (b) authorizes a *temporary administrator* to do so, however, *only* with the probate court's leave "following the procedures of this article[,]" and "*provided . . . that good cause is shown*."[1] (Emphasis supplied.)

---

[1] OCGA § 53-8-10 reads in full as follows:

(a) Subject to the provisions of this article, a personal representative may sell, rent, lease, exchange, or otherwise dispose of property, whether personal, real, or mixed, for the purpose of payment of debts, for distribution of the estate; or for any other purpose that is *in the best interest of the estate*, provided that nothing in this article shall be construed to limit, enlarge, or change any authority, power, restriction, or privilege specifically provided by will or incorporated into a will or otherwise granted to the personal representative in accordance with the provisions of subsection (b) of Code Section 53-7-1.

(b) A temporary administrator is authorized to petition the probate court for leave to sell or otherwise deal with property of the estate following the procedures described in this article; *provided, however, that good cause is shown.*

3

OCGA § 53-8-10 (b)'s imposition of a different and arguably higher standard on temporary administrators' exercise of the power to dispose of property is also consonant with their limited powers under Georgia law. See *Deller v. Smith*, 250 Ga. 157, 159 (1) (b) (296 SE2d 49) (1982) (because a temporary administrator is empowered "principally" to preserve an estate "until a permanent administrator is qualified," a temporary administrator is unable to sue for recovery of land or to distribute the assets of an estate) (citation omitted); *Redfearn: Wills and Administration in Georgia*, ed. Mary F. Radford (7th ed. 2008), §§ 11:7, 12:14 (detailing the differences between personal representatives and temporary administrators, including the "good cause" requirement of OCGA § 53-8-10 (b)).

In light of these well-established distinctions, this Court is not authorized to assume that a probate court's finding that a temporary administrator's proposed sale of an estate's real property is in the "best interest of the estate" is also sufficient to show that the temporary administrator had "good cause" to make that sale.

> All the words of a statute are to be given due weight and meaning. Courts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible. All the words of the

(Emphasis supplied.) The statute was adopted in 1996 as part of the Revised Probate Code of 1998. See 1996 Ga. L. p. 504, § 10 (p. 604); OCGA § 53-1-1.

4

legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done.

(Citations omitted.) *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739, 742-743 (152 SE2d 768) (1966). The probate court in this case was bound to decide whether this temporary administrator had made a showing of "good cause," and we are not in a position to ignore its application of an improper standard of proof when it appears on the face of the order appealed from. See *Cameron v. Miles*, 311 Ga. App. 753, 755 (1) (716 SE2d 831) (2011) (even in the absence of a transcript, an appellate court must reverse when a trial court's error appears on the face of the order appealed from). We therefore vacate the probate court's grant of Tomlinson's petition and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Andrews, P. J., Barnes, P. J., and Miller, J., concur. Phipps, C. J., Ellington, P. J., and Ray, J., dissent.*

A13A1517. IN RE: ESTATE OF PRICE.

ELLINGTON, Presiding Judge.

For the reasons explained below, I respectfully dissent.

In ruling on Tomlinson's petition to sell 3331 Haddon Hall Drive, the probate court found that "[t]he Haddon Hall property needs to be sold because it is unoccupied, subject to vandalism, falling into a state of disrepair, and costing the estate money to maintain. It is in the best interest of the estate that [the] property is sold." As the majority opinion shows, OCGA § 53-8-10 uses the phrase "best interest of the estate" in specifying the purposes for which an estate's personal representative is authorized to sell property of the estate (leave of court not being required) but uses the phrase "good cause shown" in specifying when a temporary administrator, such as Tomlinson, may obtain the probate's court's permission to sell property of the estate. I disagree with the majority, however, in its conclusion that, because the court failed to expressly find that Tomlinson had shown "good cause" to sell the property, it is necessary to vacate the probate court's decision. Given the superlative nature of the term "best," it would seem beyond challenge that a finding that a sale of property is in the best interest of the estate presupposes a finding that there is (at least) good

cause for the sale. In the absence of any controlling authority indicating that in this context "*good* cause" is a *higher* standard than "in the *best* interest of the estate," I believe that vacating the probate court's order in this case places form over substance, to the detriment of judicial economy.

I note that Price and Parris take issue only with the probate court's threshold determination that the property should be sold, not with its determination that, of the two offers on the table, the third-party buyer's cash offer of $175,000 was a better offer than Price and Parris's offer. According to the terms of Price and Parris's offer, the purchase price of $180,000 would be *entirely* financed by the estate and, in addition, Price and Parris would draw up to an additional $90,000 in cash from the estate's resources (the line of credit) to finance repairs and renovations at their discretion. Rather than being secured by the property, Price and Parris's debt to the estate of up to $270,000 principal, plus interest, would be "due and payable in a single payment upon distribution of the Estate" and would "be paid at the time of distribution by set off or retainer against [their] distributive share of the Estate." In the absence of any guarantee that Price and Parris's distributive share of the estate would be sufficient to cover that debt, it is hardly surprising that one of the decedent's heirs

2

objected to Price and Parris's offer as a "veiled effort" by them to obtain an advancement from the estate, potentially at the expense of the other heirs.

Because there is no transcript of the November 19, 2012 evidentiary hearing in this matter, we must assume that the trial court's findings of fact regarding the condition of the property are supported by the evidence. *Broadcast Concepts v. Optimus Financial Svcs.*, 274 Ga. App. 632, 634 (1) (618 SE2d 612) (2005) ("Without a transcript, [an] appellate court must find that the trial court's findings of fact are supported by evidence." ). Given that, and for the reasons discussed above, I would affirm the order of the probate court. Accordingly, I dissent. Additionally, I am authorized to state that Chief Judge Herbert E. Phipps and Judge William M. Ray, II, join in this dissent.