**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 18, 2018**

# In the Court of Appeals of Georgia

A18A0538, A18A0539. HARDEE v. WHITLOCK et al. (two cases).

McFADDEN, Presiding Judge.

In these related appeals, Janet Hardee appeals from orders issued by the Probate Court of Newton County granting James B. Whitlock, Jr.'s petitions to probate the wills of Georgia Anne C. Whitlock and James B. Whitlock (the testators). Hardee challenges the probate court's jurisdiction, arguing that, although the testators were in the care of a nursing home in Newton County at the times of their deaths, they were not domiciled in Newton County. But the probate court's factual findings authorized the exercise of jurisdiction and Hardee has not shown by the record that those factual findings lacked evidentiary support. So we affirm.

Our Probate Code provides that "[t]he probate court shall have exclusive jurisdiction over the probate of wills" and that "[t]he county of domicile of the

testator at death shall give jurisdiction to the probate court of that county." OCGA §

53-5-1 (a), (b). As to a testator in the care of a nursing home, the Probate Code states:

> The domicile of a testator who was in the care of a nursing home or other similar facility at the time of death shall be presumed to be the county in which the testator was domiciled immediately before entering the nursing home or other facility; provided, however, this presumption may be rebutted. If it is determined by the probate court that the testator considered or, in the absence of an impairment of mental faculties, the testator would have considered the county in which the facility is located to be the testator's domicile, then for purposes of this Code section that county shall be considered the testator's county of domicile.

OCGA § 53-5-1 (c).

To acquire a domicile, "[t]here must be a concurrence of actual residence and the intention to remain[.]" *Worsham v. Ligon*, 144 Ga. 707, 711 (87 SE 1025) (1916) (citations omitted). Accord *Midkiff v. Midkiff*, 275 Ga. 136, 137 (1) (562 SE2d 177) (2002); *Sorrells v. Sorrells*, 247 Ga. 9, 12 (3) (274 SE2d 314) (1981). "If a person actually removes to another place, with the intention of remaining there for an indefinite period of time as a place of fixed domicile, such place becomes his domicile. A floating intention to return to a past residence does not retain that original domicile." *Conrad v. Conrad*, 278 Ga. 107, 108 (597 SE2d 369) (2004) (citations,

punctuation and emphasis omitted). See also *Black v. Black*, 292 Ga. 691, 692 (1) n. 3 (740 SE2d 613) (2013); *Worsham*, supra.

The orders on appeal state that the probate court received evidence at a hearing on the issue of the testators' domicile. "Where a probate court sits as a finder of fact, we accept [her] findings if they are supported by any evidence," *In the Estate of Price*, 324 Ga. App. 681, 681 (751 SE2d 487) (2013) (citation omitted), including her findings regarding domicile. See *In the Interest of M. P.*, 338 Ga. App. 696, 701 (1) n. 15 (791 SE2d 592) (2016). The record, however, contains no transcript of the hearing. As the appellant, Hardee bears the burden of showing error by the record, and "without a transcript, [we] must assume that the evidence adduced below was sufficient to support the probate court's findings." *Price v. Price*, 281 Ga. 126, 127 (636 SE2d 546) (2006) (citation omitted).

The probate court's findings included the following: The testators lived in a nursing home in Newton County at the times of their deaths. Before moving into the Newton County nursing home, they had lived in Fulton County for more than 40 years in their own home and then had lived in Hardee's residence in Rockdale County for a month and in a Rockdale County nursing home for approximately half a year. Both testators suffered from dementia and required constant care. They ate all of their

3

meals at the nursing home and returned to the nursing home after any doctor appointments or hospitalizations. The testators had moved personal property, including furniture, into the Newton County nursing home. There were no plans for the testators to return to their Fulton County home, which Hardee was preparing to sell under a power of attorney, and "there was no credible evidence that either [testator] planned to move from [the Newton County nursing home]." The probate court expressly rejected as not credible Hardee's testimony that the testators planned to return to her residence in Rockdale County. See generally *Cruver v. Mitchell*, 289 Ga. App. 145, 147 (1) (b) (656 SE2d 269) (2008) ("On appeal, we must defer to the probate court's credibility determinations.") (citations omitted).

From these facts, the probate court concluded that Whitlock, Jr. "successfully rebutted the presumption regarding domicile [in OCGA § 53-5-1 (c)] and [found that] Newton County was the established domicile of the [testators] at the times of their deaths." Reviewing de novo the probate court's application of law to her factual findings, see *In re Estate of Price*, 324 Ga. App. at 681, we discern no error. The probate court could infer from the facts recited above that the testators intended (or would have intended, absent impairment of their mental faculties) to remain in the Newton County nursing home indefinitely. So the probate court was authorized to

4

find that Whitlock, Jr. rebutted the statutory presumption that the testators' domicile did not change when they moved into the nursing home. See OCGA § 53-5-1 (c).

Consequently, Hardee has not shown by the record that the probate court erred in finding that the testators were domiciled in Newton County at the times of their deaths. It follows that Hardee has not shown that the probate court erred in exercising jurisdiction over the petitions to probate the testators' wills. See OCGA § 53-5-1 (b).

*Judgments affirmed. Ray and Rickman, JJ., concur*.