Goss, Judge.
*108 On appeal from the denial of her motion to dismiss a father's petition in this custody dispute, the mother argues that the superior court erred because a Florida court maintains jurisdiction over the petition under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Georgia as OCGA § 19-9-40 et seq. We disagree and therefore affirm.
Julie Wertz and Charles Shayne Marshall were married and have two children. In 2006, the parties divorced in Florida. The Florida court awarded Wertz physical custody of the children. In 2012, Wertz allowed the younger child to live with Marshall, who had moved to Georgia, and the child has lived with him ever since. In *109 2017, Marshall filed this petition to modify the Florida custody award, seeking sole, permanent custody of that child.
Wertz filed an answer in which she admitted an allegation in Marshall's petition that she is a resident of Colorado and that the Walker County Superior Court had jurisdiction over the petition. At that time, Wertz's husband, an active duty service member, was temporarily stationed in Colorado. About six months later, Wertz moved to dismiss Marshall's petition under the UCCJEA.
The trial court denied the motion to dismiss. In its order, the trial court found that Wertz "by and through counsel filed an Answer admitting that this Court has jurisdiction and venue to hear this case and that [Wertz] is a resident of the State of Colorado" and that Wertz "did not timely file a motion or pleading raising the defenses of lack of jurisdiction, improper venue, or insufficient service of process pursuant to OCGA § 9-11-12, and consequently, such defenses are waived by law." The court entered a final order on Marshall's custody modification petition, and Wertz filed a timely notice of appeal.
Wertz argues that the trial court erred in addressing the merits of the modification petition because the court in Florida had exclusive jurisdiction over the case, because that court took no action to relinquish its jurisdiction, and because Wertz still resides in Florida. Wertz admitted in her answer, however, that she was a resident of Colorado, which conclusively divested the Florida court of jurisdiction.
OCGA § 24-8-821 of the 2013 Evidence Code provides: "Without offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other." See also former OCGA § 24-3-30 (2012); Georgia-Pacific v. Fields , 293 Ga. 499, 501 (1), 748 S.E.2d 407 (2013) ("admissions or allegations appearing in the pleadings are treated as admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein").
As the dissent points out, this trial court was not in a position to conclude that the mother waived the matter of the court's own subject matter jurisdiction. It remains true, however, that the father availed himself of the mother's admission in her answer, filed by counsel, that she was a Colorado resident.
*493 This was an admission of fact. See Black's Law Dictionary, 10th ed., 2014 (defining residence as "[t]he place where one actually lives, as distinguished from a domicile"). Further, the dissent cites no relevant authority for its suggestion that the answer's unverified status has some bearing on the status of any admissions it might have contained.
As will often be the case, the mother later disclaimed the admission as not actually authorized by her. But this disclaimer does not effect a withdrawal of the admission; on the contrary, the mother *110 was not authorized to present any evidence on the factual question of her residency, which was established beyond dispute, as in Colorado rather than Florida. Nor does the record show that the mother ever amended her answer or asked the court's permission to withdraw the admission made therein. It follows from the above that the trial court did not err in concluding, after a hearing on the issue, that because the mother had admitted to residency in Colorado, the question of subject matter jurisdiction was settled in favor of the Georgia trial court such that the mother's motion to dismiss the father's petition should be denied. See OCGA § 19-9-62 (a) (2) (a court retains jurisdiction under the UCCJEA until, among other things, that or another court "determines that neither the child nor the child's parents or any person acting as a parent presently resides in [that] state").
Judgment affirmed.
McMillian, J., concurs. McFadden, P. J. dissents.*
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).