**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 22, 2026

# In the Court of Appeals of Georgia

A26A0189. DOUGLAS v. BHAKTA.

DOYLE, Presiding Judge.

Jovan Douglas sued Chirag Bhakta in Fulton County, alleging that Bhakta negligently caused an automobile accident injuring Douglas. Bhakta moved to dismiss, arguing that Douglas failed to properly serve him. The trial court agreed, and Douglas appeals, alleging several errors regarding the dismissal and other orders. For the reasons that follow, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

We review de novo a trial court's ruling on a motion to dismiss, construing the complaint in favor of the plaintiff. See *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012). We review a trial court's ruling on a motion to withdraw admissions and

finding of insufficient service of process for an abuse of discretion. See *Turner v. Mize*, 280 Ga. App. 256, 257(1) (633 SE2d 641) (2006).

So viewed, the record shows that on March 20, 2024, Douglas filed a complaint for damages against Bhakta related to a motor vehicle accident in Atlanta on November 16, 2021. In paragraph two, Douglas alleged that Bhakta was currently a resident of Lansing, Kansas, working and residing at a hotel at 504 North Main Street, and his residence was the same at the time of the accident. Douglas also alleged that Bhakta was subject to the jurisdiction and venue of the State Court of Fulton County under the Nonresident Motorist Act ("NRMA"), OCGA § 40-12-1 et seq., which allowed service of process on a non-resident involved in a motor vehicle accident via the Secretary of State and certified mail.

On March 22, 2024, Douglas attempted to serve Bhakta pursuant to the NRMA via the Secretary of State and certified mail. On May 30, 2024, Douglas also attempted service via a deputy sheriff to an apartment in Atlanta. The May 30 sheriff's return was marked non-est, noting that Bhakta did not reside at the address but may have been a former resident. On July 17, 2024, Douglas filed (1) a return receipt signed as received on April 12, 2024, showing that the complaint and summons had been

delivered via certified mail to Bhakta in Lansing, Kansas, at 504 North Main Street; and (2) an affidavit of compliance with service under the NRMA sworn to by Douglas's attorney.

On September 3, 2024, Bhakta filed a motion to open default as a matter of right under OCGA § 9-11-55(a) and filed an answer. Therein, Bhakta raised affirmative defenses, including a non-specific reference to personal jurisdiction and venue in his Thirteenth Defense. In response to paragraph 2 of the complaint, however, Bhakta admitted the allegations of the residence and employment, i.e., that he was a resident of Kansas and employed and residing at a business at 504 North Main Street currently and at the time of the accident. Bhakta denied the allegation that he was subject to service under the NRMA or that jurisdiction or venue were proper under that statute. In his Twelfth Defense, Bhakta claimed that "[p]ending further investigation and discovery, Defendant reserves the right to assert all applicable affirmative defenses provided and/or available under the Georgia Civil Practice Act." Bhakta did not contemporaneously move to dismiss the complaint.

On November 21, 2024, Douglas moved to compel discovery pursuant to OCGA § 9-11-37, which discovery he had served on Bhakta in September. On January

8, 2025, the trial court found that Bhakta's failure to respond to discovery constituted waiver of any right to object, ordered Bhakta to respond to discovery within 20 days of the date of the order, and scheduled a hearing on Douglas's motion for attorney fees.

Bhakta failed to respond to discovery, but on March 18, he moved to withdraw 11 of 18 admissions based on his failure to respond, contending that his former attorney was at fault without providing further explanation. One of the admissions concerned residence, and to support his motion to withdraw that admission, Bhakta attached an affidavit claiming that (1) he resided with his brother at a Georgia address "on November 16, 2021," but currently resided at 504 North Main Street, Kansas; and (2) he had not been personally served with the complaint or summons as of the date of the affidavit, nor was he aware of anyone at his residence who had been served. Bhakta argued that the NRMA did not apply, and thus, the court lacked personal jurisdiction over him based on lack of proper service. Also attached to the motion was an affidavit of a purported accident eye-witness, who averred that Bhakta had the right of way, that Douglas failed to yield, and that he disagreed with the responding police officer's conclusion that Bhakta was at fault.

Douglas opposed Bhakta's motion, contending that the trial court should not allow Bhakta to withdraw his deemed admissions because discovery closed on March 3, resulting in prejudice to him. On April 15, the trial court granted Bhakta's motion as to all but one of the admissions, but it also granted a 120-day extension of the discovery period (which would then elapse on August 13, 2025) to cure any prejudice to Douglas.

On May 23, Bhakta moved to dismiss in a limited special appearance, claiming that because he had submitted an affidavit supporting his contention that he was a resident of Georgia on the date of the accident (not a resident of Kansas as alleged in the complaint), and because Douglas had failed to rebut this evidence to create a question of fact, the trial court should find that it lacked personal jurisdiction over him based on failure of service of process. On June 17, Douglas responded by requesting an extension of the time for discovery under OCGA § 9-11-12(j) to take Bhakta's deposition, but he did not include substantive argument related to Bhakta's motion.

On June 26, the trial court issued an order granting Bhakta's motion to dismiss, finding that "after considering the entire record," it was undisputed that Bhakta was a resident of Georgia when the accident occurred and, thus, was not subject to service

5

pursuant to the NRMA.[1] The trial court noted that it would not grant additional discovery to Douglas because it had already extended the deadline 120 days, and it dismissed Douglas's complaint. Douglas filed an emergency motion for reconsideration of the June 26 order, contending that the trial court was required to grant his motion for limited discovery under OCGA § 9-11-12(j) and attaching an affidavit and emails between the attorneys about scheduling Bhakta's deposition. The trial court denied the motion on July 7, and this timely appeal followed on July 15.

1. We address two of Douglas's enumerations together. He argues that the trial court erred by granting the motion to dismiss based on Bhakta's affidavit because Bhakta had waived insufficient service of process by failing to raise the defense in his answer or in a contemporaneously filed motion to dismiss, and because Bhakta

---

[1] No hearing was held on this motion. The trial court's dismissal order states that Douglas did not respond to the motion to dismiss in the time required, but as we stated, Douglas responded by requesting time to depose Bhakta. In any event, we decline to find that Douglas waived any arguments against dismissal by failing to raise them below because the trial court's review of a motion to dismiss includes review of the pleadings as a matter of law. Cf. *AG Res. Mgmt., LLC v. Mundy, Inc.*, 376 Ga. App. 643, 646 (920 SE2d 486) (2025) (reviewing motion to dismiss under OCGA § 9-11-12(b)(6) and explaining that "while ... a failure to respond to a motion to dismiss is ill-advised, 'it does not automatically follow that the motion should be granted.'" (punctuation omitted)).

admitted in his answer that he was a Kansas resident at the time of the accident. We agree.

"Under OCGA § 9-11-12(h)(1)(B), a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under OCGA § 9-11-12 nor included in a responsive pleading, 'as originally filed.'" *Burch v. Dines*, 267 Ga. App. 459, 461(2) (600 SE2d 374) (2004). Bhakta admitted in his answer that he was a resident of Kansas at the time of the accident, see OCGA § 9-11-12(h)(2); *Moon v. Moon*, 240 Ga. 208, 209(4) (240 SE2d 17) (1977) ("The appellee alleged in her petition the necessary residency requirements and appellant in his answer admitted the allegations of these paragraphs."), and he failed to affirmatively assert that he was a resident of Georgia.[2] Moreover, Bhakta did not assert the defense of insufficient service of process. See *Brown v. Fokes Properties 2002 Inc.*, 283 Ga. 231, 232–33(1) (657 SE2d 820) (2008) ("A

---

[2] See also *Wertz v. Marshall*, 351 Ga. App. 108, 109–10 (830 SE2d 491) (2019) (physical precedent only) (determining that the defendant was "not authorized to present any evidence on the factual question of her residency, which was established beyond dispute" by her admission of residency in a particular state, which admission she did not move to withdraw). Notably, although this case is only physical precedent, the dissent took issue with the majority's application of the facts to the question of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, which is inapplicable to the case before us.

defense of insufficiency of service of process is waived ... if it is neither made by motion ... nor included in a responsive pleading as originally filed.").[3]

A defendant who currently resides out of state and who previously was involved in a car accident in Georgia is subject to personal jurisdiction under either the NRMA or the Long Arm Statute. See *Farrie v. McCall*, 256 Ga. App. 446, 448 (568 SE2d 603) (2002) ("The basis for jurisdiction under the NRMA is the use of our state's highways by a nonresident; the basis for jurisdiction under the Long Arm Statute is the commission of a tortious act within the state."). The NRMA applies if the defendant was a nonresident at the time of the accident and at the time of suit, while the Long Arm Statute applies if a defendant was a resident of Georgia at the time of

---

[3] See also *Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796, 796(2) (386 SE2d 546) (1989) (a defendant waives the defense of insufficient service of process by moving to open default, pleading an allegedly meritorious defense, and filing an answer which raises no objection to service of process); *Roberts v. Bienert*, 183 Ga. App. 751, 753(2) (360 SE2d 25) (1987) ("Appearance and pleading in writing to the merits will waive service, but not if want of service be likewise pleaded at the same time.") (quotation marks omitted). Compare *Fuller v. Hensbee*, 367 Ga. App. 624, 625 (887 SE2d 683) (2023) (reviewing a dismissal for failure to comply with the NRMA and explaining that the defendant "filed a Special Appearance and Answer, contending among other things that he had not been sufficiently served [and] later filed a motion to dismiss for lack of proper service"); *Whitten v. Richards*, 240 Ga. App. 719, 720 (523 SE2d 906) (1999) (noting that the defendant timely answered and raised the defenses of insufficiency of process and insufficiency of service of process to challenge service under the NRMA).

the accident but subsequently becomes a nonresident. See OCGA §§ 9-10-90, 40-1-1(35). See also *Farrie*, 256 Ga. App. at 447–48 ("a claimant may obtain jurisdiction by personal service under the Long Arm Statute on nonresidents who were Georgia residents when they committed a tort"). Each statute allows for different service of process on a defendant. Under the NRMA,

> service of process … shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Secretary of State … along with a copy of the affidavit to be submitted to the court pursuant to this Code section. … [S]uch service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known.

OCGA § 40-12-2. The Long Arm Statute allows service to be effectuated in the same manner as service in Georgia. See OCGA §§ 9-11-4, 9-10-94. Contained in the record are documents showing that Douglas served a copy of the complaint, summons, and affidavit on the Secretary of State, and the same was sent by certified mail to Bhakta and accepted by someone at the address where Bhakta admitted he currently lives. See OCGA § 40-12-2. Bhakta has not alleged that this service was insufficient under the

9

NRMA, and because he admitted to out-of-state residency in his answer, he was subject to service under the NRMA. Cf. *Wertz*, 351 Ga. App. at 109–10 (PPO).

Bhakta argues that he moved to dismiss based on lack of personal jurisdiction rather than lack of service of process, and he argues that the general reference in his Thirteenth Defense to lack of personal jurisdiction and venue was sufficient to also preserve the defense of insufficiency of service of process. Nevertheless,

> [u]nder OCGA § 9-11-12(b) the defense of insufficient service must be raised before or at the time of pleading. The defense is waived if it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed. Thus, failure to raise insufficiency of service either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of that defense. Furthermore, a motion to dismiss which is filed subsequent to the original answer is not sufficient to preserve the defense.

*Hall v. Nelson*, 282 Ga. 441, 441–42(1) (651 SE2d 72) (2007). See OCGA § 9-11-12(b) (listing each affirmative defense separately). Cf. *Orkin Extermination Co. v. Morrison*, 187 Ga. App. 780, 782(3) (371 SE2d 407) (1988) ("[I]n order to *assert* the defense, a defendant must make reference to [the defense]. A general denial is not an *assertion*[.]") (emphasis in original).

10

Finally, even if Bhakta had sufficiently preserved the defense of insufficiency of service of process, the trial court erred by dismissing the complaint thereon. Bhakta's conclusory affidavit lacks any supporting evidence of his supposed Georgia residency and is not enough to overcome his own admission to Kansas residency (and failure to assert Georgia residency) in his answer, which admission he did not move to withdraw. See *Anderson v. Kaye*, 371 Ga. App. 626, 629(1) (901 SE2d 765) (2024) ("[F]actual assertions in pleadings … , unless amended, are considered judicial admissions conclusively binding on the party who made them.") (punctuation omitted). The trial court relied on the withdrawal of the deemed admissions and affidavit to support its grant of the motion to dismiss. Nevertheless, "[t]he rule in Georgia is that the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal[,]" which was the case with Bhakta's affidavit. *Conrad v. Conrad*, 278 Ga. 107, 110 (597 SE2d 369) (2004) (cleaned up). Thus, even if Bhakta preserved any of the waivable defenses of personal jurisdiction, venue, and service of process until filing his motion to dismiss months after the answer, it was

error for the trial court to find that the affidavit's statement regarding residency overcame Bhakta's answer admissions. Accordingly, the dismissal order is reversed.

2. Douglas also maintains that the trial court abused its discretion by allowing withdrawal of deemed admissions under OCGA § 9-11-36(b).

Under OCGA § 9-11-36(b), "the court may permit withdrawal [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice him in maintaining his action or defense on the merits." Because of our holding in Division 1, we reverse the trial court's order granting withdrawal as to the deemed admissions with regard to Requests 16, 17, and 18. Bhakta had admitted Kansas residency and failed to assert a defense of insufficiency of service of process, so the trial court abused its discretion by granting the motion as to those requests. See, e.g., *Porter v. Urban Residential Dev. Corp.*, 294 Ga. App. 828, 831(1) (670 SE2d 464) (2008). With regard to the remaining requests, we discern no abuse of discretion, but on remand, the court should reopen discovery in light of the newly provided evidence of a purported eyewitness.

3. Douglas's remaining enumerations of error are moot.

*Judgment affirmed in part, reversed in part, and case remanded with direction.*

*Davis, J., and Senior Judge C. Andrew Fuller concur.*